Erika Angelos Heath (SBN 304683)
FRANCIS MAILMAN SOUMILAS, P.C.
369 Pine Street, Suite 410
San Francisco, CA 94104
Tel:    (628) 246-1352
eheath@consumerlawfirm.com

John Soumilas (*Pro Hac Vice forthcoming*)
Geoffrey H. Baskerville (*Pro Hac Vice forthcoming*)
FRANCIS MAILMAN SOUMILAS, PC
1600 Market Street, Suite 2510
Philadelphia, PA 19103
Tel. 215.735.8600
jsoumilas@consumerlawfirm.com
gbaskerville@consumerlawfirm.com

*Attorneys for Plaintiff and the Proposed Classes*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DAMARCUS STEWART**, on behalf of himself and all others similarly situated,<br><br>Plaintiff(s),<br><br>v.<br><br>**ACCURATE BACKGROUND, LLC; and DOES 1 through 10, inclusive,**<br><br>Defendants. | Case No. 5:22-cv-01926-EJD<br><br>**AMENDED CLASS ACTION COMPLAINT**<br><br>(1) Fair Credit Reporting Act<br>(2) Consumer Credit Reporting Agencies Act<br>(3) Investigative Consumer Reporting Agencies Act (§ 1786.20(b))<br>(4) Investigative Consumer Reporting Agency Act (§ 1786.18(c))<br>(5) Investigative Consumer Reporting Agency Act (§ 1786.28(b))<br>(6) Bus. & Prof. Code § 17200<br>(7) Defamation<br><br>**JURY TRIAL DEMANDED** |

**PRELIMINARY STATEMENT**

1. This is a consumer class action against Accurate Background, LLC (hereafter "Accurate" or "Defendant") for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq.*, *as amended*, the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785 *et seq.* ("CCRAA"), and the Investigative Consumer Reporting Agency Act, Cal Civ Code § 1786 *et seq.* ("ICRAA"). Accurate deprives consumers of their rights under the FCRA, CCRAA and ICRAA by refusing to adopt procedures to assure the maximum possible accuracy of the criminal background records it prepares and sells about individual consumers, resulting in inaccurate consumer reports that it then sells to third parties.

2. Specifically, Accurate fails to search for and include expungement information when it prepares and sells criminal background records to third parties. These records attribute criminal histories to individual consumers without using all publicly available information, including expungement records.

3. To the extent Defendant asserts that it is not a consumer reporting agency within the meaning of the FCRA, CCRAA, or ICRAA, Plaintiff asserts in the alternative that Accurate's practices as described herein are unlawful, unfair, or fraudulent business practices under the California Unfair Competition Law, Cal. Bus. & Prof. Code §17200 *et seq.* ("UCL").

4. Defendant's practices harm consumers by prejudicing their prospective employers with inaccurate, adverse information stating that the individual has a criminal record that has in fact been expunged.

**JURISDICTION AND VENUE**

5. The California Superior Court has jurisdiction over this action pursuant to California Constitution Article VI, § 10, which grants the Superior Court "original jurisdiction in all cases except those given by statute to other trial courts." This case does not include any statutory claims that would grant exclusive jurisdiction to any other trial court in California.

6. This Court has jurisdiction over the Defendant named herein because, based on information and belief, the Defendant is a corporation or association authorized to do business

in California and registered with the California Secretary of State, or does sufficient business, has sufficient minimum contacts in California, is a citizen of California, or otherwise intentionally avails itself of the California market through the promotion, sale, marketing and/or distribution of goods and services in California and thereby having such other contacts with California so as to render the exercise of jurisdiction over it by the California courts consistent with traditional notions of fair play and substantial justice.

7. Venue is proper in the Santa Clara County Superior Court pursuant to California Code of Civil Procedure section 395.5 because Defendant Accurate is a business located in Santa Clara County, and the obligation or liability arises in the County of Santa Clara and/or the breach occurred in the County of Santa Clara.

8. On March 25, 2022, Defendant removed this matter, originally filed in California Superior Court, to this Court, asserting that federal jurisdiction is proper. ECF 1.

## PARTIES

9. Plaintiff Damarcus Stewart is an adult individual who resides in Santa Clara County, California.

10. Defendant Accurate is a consumer reporting agency that provides background and employment screening services, risk-management services and products, information management products and services, and decisions-making intelligence. Accurate regularly conducts business in California and has a principal place of business located at 7515 Irvine Center Dr., Irvine, CA 92618.

11. Accurate is a consumer reporting agency within the meaning of 15 U.S.C § 1681a(f) and a consumer credit reporting agency within the meaning of Cal. Civil Code § 1785.3(d) because it regularly and in the ordinary course of business assembles consumer information for the purposes of furnishing consumer reports to third parties in exchange for a fee.

12. Accurate is an investigative consumer reporting agency within the meaning of 15 U.S.C. § 1786.2(d) because it regularly and in the ordinary course of business assembles consumer information for the purpose of furnishing investigative consumer reports to third parties in exchange for a fee.

13. The true names and capacities, whether individual, corporate, associate, governmental, or otherwise, of Defendants, DOES 1 through 10, are unknown to Plaintiff at this time, who therefore sues said Defendants by such fictitious names. When the true names and capacities of said Defendants have been ascertained, Plaintiff will amend this Complaint accordingly. Plaintiff is informed and believes, and thereon alleges, that each Defendant designated herein as a DOE is responsible, negligently or in some other actionable manner, for the events and happenings hereinafter referred to, and caused damages thereby to Plaintiff, as hereinafter alleged.

14. At all times herein mentioned, each of the Defendants was the agent, servant, employee and/or joint venturer of his Co-Defendants, and each of them, and at all said times, each Defendant was acting in the full course and scope of said agency, service, employment and/or joint venture. Any reference hereafter to "Defendants" without further qualification is meant by Plaintiff to refer to each Defendant, and all of them, named above.

15. Plaintiff is informed and believes, and thereon alleges that at all times herein mentioned, Defendants, DOES 1-10, inclusive, were and are individuals, corporations, partnerships, unincorporated associations, sole proprietorships and/or other business entities organized and existing under and by virtue of the laws of the State of California, or the laws of some other state or foreign jurisdiction, and that said Defendants, and each of them, have regularly conducted business in the County of Santa Clara.

**FACTUAL ALLEGATIONS**

A. THE INCLUSION OF CRIMINAL RECORD INFORMATION ON CONSUMER REPORTS IS REGULATED BY LAW

16. The FCRA, CCRAA and ICRAA were enacted to "insure that consumer reporting agencies exercise their grave responsibility with fairness, impartiality, and a respect for the consumer's right to privacy." 15 U.S.C. § 1681(a)(4), Cal. Civ. Code §§ 1785.1(c), 1786(b).

17. These laws require that CRAs do so by operating "in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, [and] relevancy" of the

consumer information they disseminate.  15 U.S.C. § 1681(b), Cal. Civ. Code §§ 1785.1(d), 1786(f).

18. The FCRA is intended "to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant, and current information in a confidential and responsible manner." *Cortez v. Trans Union, LLC*, 617 F.3df 688, 706 (3d Cir. 2010).

19. Consequently, the CCRAA and ICRAA "were modeled after the FCRA and were intended to serve complementary … goals." *Connor v. First Student, Inc.*, 5 Cal. 5th 1026, 1032 (2018).

20. Under the FCRA, CCRAA, and ICRAA "consumer reports" and/or "investigative consumer reports" subject to the statutes' protections include not simply those used in establishing the consumer's eligibility for credit, but also those used for "employment purposes." 15 U.S.C. § 1681a(d)(1)(B), Cal. Civ. Code §§ 1785.3(c)(2), 1786.2(b).

21. The causes of action herein pertain to Plaintiff's "consumer report", "consumer credit report", and/or "investigative consumer report" as those terms are defined by 15 U.S.C. § 1681a(d) and Cal. Civ. Code §§ 1785.3(c) and 1786.2(c), in that inaccurate representations of Plaintiff's criminal background were made via written, oral, or other communication of information by a consumer credit reporting agency, which is used or is expected to be used, or collected in whole or in part, for the purposes of serving as a factor in establishing Plaintiff's eligibility for, among other things, credit to be used primarily for personal, family, household and employment purposes.

**B. DEFENDANT'S COMPILATION AND SALE OF CRIMINAL BACKGROUND RECORDS**

22. Defendant is a prominent consumer reporting agency that operates throughout the United States.

23. Defendant advertises that it provides "Advanced processes. Smart Technology. Personalized service." and that its "full suite of compliant screening services lets you verify candidate backgrounds without sacrificing individualized attention or cutting any corners."

24. Defendant holds itself out as providing "[b]etter criminal background checks," and specifically boasts the speed with which it does so, stating that customers can "[a]ccess court records faster," and "[trim turnaround time and get accurate, up-to-the-minute information about a candidate's status in the criminal court system."

25. Defendant Accurate is regulated by the FCRA and CCRAA.

26. The data and reports Accurate sells are used and expected to be used for multiple purposes governed by 15 U.S.C. § 1681b and the public records data included in each report bears on the criminal background, credit history, credit worthiness, reputation, personal characteristics, and mode of living of each respective consumer.

27. Such reports are "consumer reports" within the meaning of the FCRA and "consumer credit reports" within the meaning of the CCRAA.

28. Upon information and belief, Accurate's algorithm compares publicly available information about criminal court filings with the personal identification information of individuals provided by its customers.

29. Accurate fails to follow reasonable procedures to assure the maximum possible accuracy of the criminal background information it sells about consumers, regularly selling consumer reports that negligently or willfully fail to include expungement records.

30. By failing to consider or include expungement records, Accurate fails to use all the available information about consumers to determine whether the criminal background information they provided is complete and accurate.

31. Accurate does this due to the added cost and difficulty of searching and providing expungement records in spite of the fact that such records are essential to understanding a consumer's criminal background.

32. Accurate thus intentionally employs procedures that maximize the likelihood that a consumer's criminal background record is incomplete and thus inaccurate.

33. That expungement information is left out maximizes the harm to the consumer as such information is categorically positive.

34. Defendant's reporting of criminal background information is not accidental, but is instead the result of deliberately designed policies and procedures.

35. At all times relevant herein, Defendant's conduct, as well as that of its agents, servants, and/or employees who were acting within the course and scope of their agency or employment and under the direct supervision of and control of Defendant, was intentional, willful, reckless, and in grossly negligent disregard for the rights of consumers, including Plaintiff.

C. **NAMED PLAINTIFF STEWART'S EXPERIENCE**

36. Defendant reported derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's background to third parties (hereafter the "inaccurate information").

37. In or around May of 2021, Defendant prepared and disseminated a consumer background report about Plaintiff that included incomplete and inaccurate criminal background information (hereafter the "criminal record").

38. In that report, Defendant claimed that Plaintiff was convicted of a misdemeanor in September of 2015 and a separate misdemeanor in October of 2016.

39. In fact, both the criminal records had been expunged by court order on March 26, 2021.

40. In or around June of 2021, Defendant prepared and disseminated an updated consumer background report (hereafter the "updated criminal record") about Plaintiff that was similarly incomplete and inaccurate as it also omitted expungement information.

41. Through January of 2022, Defendant has never obtained updated information on the criminal record or revised criminal record reflecting that his actions had, in fact, been expunged (hereafter "the inaccurate information").

42. The inaccurate information negatively reflects upon the Plaintiff and misidentified Plaintiff as a person who has a certain criminal record. Defendant, as a result of its unreasonable procedures, erroneously produced multiple consumer reports that identify Plaintiff as having a criminal record, which had in reality been expunged.

43. Defendant reported the inaccurate information through the issuance of incomplete and inaccurate background information and consumer reports that it has disseminated to various persons and prospective employers, both known and unknown.

44. Plaintiff has applied for and been denied employment opportunities, including but not limited to, employment opportunities with the Amazon Delivery Service Partner Program in May 2021. Plaintiff has been informed that the basis for these denials was the inaccurate information that appears on Plaintiff's consumer reports with Defendant and that the inaccurate information was a substantial factor for those denials.

45. Defendant failed to follow reasonable procedures to assure the maximum possible accuracy of the information it reported about Plaintiff. Had Defendant followed such procedures it would not have reported a criminal record that was expunged on Plaintiff's consumer report.

46. As of result of Defendant's conduct, Plaintiff has suffered actual damages in the form of lost employment opportunities, harm to reputation, and emotional distress, including anxiety, frustration, humiliation, and embarrassment.

47. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

48. At all times pertinent hereto, Defendant's conduct, as well as that of its agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal law and the rights of the Plaintiff herein.

## CLASS ACTION ALLEGATIONS

49. Plaintiff brings this action on behalf of the following Class:

**Nationwide Class**: All natural persons residing in the United States and its Territories about whom Accurate furnished a consumer report to a third party that included any criminal record that had been expunged or sealed at least 30 days before the report's preparation according to court records, during the period beginning five (5) years prior to the filing of the Complaint and continuing through the date of judgment.

**Nationwide Disputes Subclass:** All natural persons residing in the United States and its Territories about whom Accurate furnished a consumer report to a third party that included any criminal record that had been expunged or sealed at least

> 30 days before the report's preparation according to dispute processing records maintained by Defendant, during the period beginning two (2) years prior to the filing of the Complaint and continuing through the date of judgment.
>
> **California Subclass**: All natural persons residing in the State of California about whom Accurate furnished a consumer report to a third party that included any criminal record that had been expunged or sealed at least 30 days before the report's preparation according to court records, during the period beginning five (5) years prior to the filing of the Complaint and continuing through the date of the resolution of this case.
>
> **California Disputes Subclass:** All natural persons residing in the State of California about whom Accurate furnished a consumer report to a third party that included any criminal record that had been expunged or sealed at least 30 days before the report's preparation according to dispute processing records maintained by Defendant, during the period beginning two (2) years prior to the filing of the Complaint and continuing through the date of the resolution of this case.

50. Plaintiff reserves the right to amend the definition of the Class based on discovery or legal developments.

51. A class action is an appropriate way to adjudicate this matter because the questions are of a common or general interest, of many persons, and/or the parties are so numerous that it is impractical to bring them all before the court.

52. Plaintiff seeks monetary and injunctive/declaratory relief for the above Classes.

53. **Numerosity.** The members of the Class are so numerous that joinder of all is impracticable. Upon information and belief, the number of consumers harmed by Defendant's practices are more numerous than what could be addressed by joinder, and those persons' names and addresses are identifiable through documents or other information maintained by Defendant.

54. **Existence and Predominance of Common Questions of Law and Fact.** Common questions of law and fact exist as to all members of the Class, and predominate over the questions affecting only individuals. The common legal and factual questions include, among others: (1) whether Accurate maintains reasonable procedures to assure maximum possible accuracy of criminal background information on its consumer reports; and (2) whether Accurate acted willfully or negligently.

55. **Typicality.** Plaintiff's claims are typical of each Class Member. Plaintiff has the same claims for relief that he seeks for absent Class Members.

56. **Adequacy.** Plaintiff is an adequate representative of the Class because his interests are aligned with, and are not antagonistic to, the interests of the members of the Class he seeks to represent, he has retained counsel competent and experienced in such litigation, and he intends to prosecute this action vigorously. Plaintiff and his counsel will fairly and adequately protect the interests of the Class.

57. **Predominance and Superiority.** Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. The damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for the members of the Class to individually redress effectively the wrongs done to them. Even if the members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendant's conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in a unified proceeding.

## CLAIMS

### FIRST CAUSE OF ACTION:
*Fair Credit Reporting Act (Named Plaintiff and Nationwide Class)*
*15 U.S.C. § 1681e(b)*

58. Plaintiff incorporates all foregoing paragraphs as though the same were set forth at length herein.

59. At all times pertinent hereto, Defendant was a "person" and a "consumer reporting agency" as those terms are defined by 15 U.S.C. §§ 1681a(b) and (f).

60. At all times pertinent hereto, the Named Plaintiff and Class Plaintiffs were "consumers" as that term is defined by 15 U.S.C. § 1681a(c).

61. At all times pertinent hereto, the above-mentioned background report was a "consumer report" as that term is defined by 15 U.S.C. § 1681a(d).

62. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Defendant is liable to Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency pursuant to 15 U.S.C. § 1681e(b).

63. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff outlined more fully above and, as a result, Defendant is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorney's fees and the costs of litigation, as well as such further relief, as may be permitted by law.

### SECOND CAUSE OF ACTION:
*Consumer Credit Reporting Agencies Act (Named Plaintiff and California Class)*
*Cal. Civ. Code § 1785.14(b)*

64. Plaintiff incorporates all foregoing paragraphs as though the same were set forth at length herein.

65. At all times pertinent hereto, Defendant was a "person" and a "consumer credit reporting agency" as those terms are defined by Cal. Civ. Code §§ 1785.3(j) and (d).

66. At all times pertinent hereto, the Named Plaintiff and Class Plaintiffs were "consumers" as that term is defined by Cal. Civ. Code § 1785.3(b).

67. At all times pertinent hereto, the above-mentioned background report was a "consumer credit report" as that term is defined by Cal. Civ. Code § 1785.3(b).

68. Pursuant to Cal. Civ. Code § 1785.14(b), Defendant is liable for violating the CCRAA by failing to follow reasonable procedures to assure "maximum possible accuracy" of the reports it sold. Specifically, Defendant sold consumer reports attributing criminal backgrounds to consumers when the public records of such consumers contained relevant expungement records.

### THIRD CAUSE OF ACTION:
*Investigative Consumer Reporting Agencies Act (Named Plaintiff and California Class)*
*Cal. Civ. Code § 1786.20(b)*

69. Plaintiff incorporates the foregoing paragraphs as though same were set forth at length herein.

70. At all times pertinent hereto, Defendant was a "person" and an "investigative consumer reporting agency" as those terms are defined by Cal Civ. Code § 1786.2(a) and (d).

71. At all times pertinent hereto, the Named Plaintiff and Class Plaintiffs were "consumers" as that term is defined by Cal Civ. Code § 1786.2(b).

72. At all times pertinent hereto, the above-mentioned background report was an "investigative consumer report" as that term is defined by Cal Civ. Code § 1786.2(c).

73. Pursuant to Cal. Civ. Code § 1786.20(b), Defendant is liable for violating the ICRAA by failing to follow reasonable procedures to assure "maximum possible accuracy" of the reports it sold. Specifically, Defendant sold consumer reports attributing criminal backgrounds to consumers when the public records of such consumers contained relevant expungement records.

**FOURTH CAUSE OF ACTION:**
*Investigative Consumer Reporting Agencies Act (Named Plaintiff and California Class)*
*Cal. Civ. Code § 1786.18(c)*

74. Plaintiff incorporates the foregoing paragraphs as though same were set forth at length herein.

75. Pursuant to Cal. Civ. Code § 1786.18(c), Defendant is liable for violating the ICRAA because Defendant furnishes investigative consumer reports that include information that is a matter of public record and that relates to arrests, indictments, convictions, civil judicial actions, tax liens, or outstanding judgments, without first verifying the accuracy of such information during the 30-day period ending on the date on which the reports were furnished.

**FIFTH CAUSE OF ACTION:**
*Investigative Consumer Reporting Agencies Act (Named Plaintiff and California Class)*
*Cal. Civ. Code § 1786.28(b)*

76. Plaintiff incorporates the foregoing paragraphs as though same were set forth at length herein.

77. Pursuant to Cal. Civ. Code § 1786.28(b), Defendant is liable for violating the ICRAA because Defendant furnishes consumer reports for employment purposes, for which

Defendant compiles, collects, assembles, evaluates, reports, transmits, transfers, or communicates items of information on consumers which are matters of public record and are likely to have an adverse effect upon a consumer's ability to obtain employment but Defendant fails to maintain strict procedures designed to insure that, whenever public record information that is likely to have an adverse effect on a consumer's ability to obtain employment is reported, it is complete and up to date.

### SIXTH CAUSE OF ACTION:
*Unfair Competition Law (Named Plaintiff and California Class)*
*Cal. Bus. & Prof. Code § 17200*

78. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

79. Defendant was required to adhere to the requirements of the California Unfair Competition Law (UCL).

80. Defendant's inaccurate reporting and inaccurate disclosures constituted unlawful, unfair and fraudulent business practices.

81. Defendant's practices were unfair because it is unethical, immoral, unscrupulous, oppressive, and substantially injurious to consumers to match them to records of bankruptcy based on insufficient criteria which ignores publicly available personal identifiers that would disqualify a match, and to disseminate inaccurate bankruptcy information to third parties, and to withhold this information from consumers who request it.

82. The harm caused by these business practices vastly outweighs any legitimate utility they possibly could have.

83. Because Plaintiff and the Class will seek employment in the future, there is a real and immediate threat that Plaintiff will suffer the same injury in the future.

84. Plaintiff and the Class are entitled to injunctive relief, restitution, and to the recovery of attorneys' fees and costs.

## SEVENTH CAUSE OF ACTION

*Defamation (Named Plaintiff Stewart)*

85. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

86. In communicating to Plaintiff's prospective employer a consumer report concerning Plaintiff that included a criminal record that had been expunged, sealed, or otherwise removed from the public record, Defendant expressed purported factual statements about Plaintiff, indicating that he had been convicted of a crime.

87. Defendant intentionally communicated these statements about Plaintiff pursuant to its standardized procedures.

88. On information and belief, Defendant's customers including but not limited to Plaintiff's prospective employer, understood these statements to refer to Plaintiff and to mean that Plaintiff had been convicted of a crime.

89. The communication Defendant provided to Plaintiff's prospective employer was false. No record of the criminal record reported concerning Plaintiff exists, because it had been expunged, sealed. and/or removed from the public record at the time of the report.

90. Defendant made the above-described defamatory statements with actual malice – *i.e.*, with a reckless disregard for their falsity.

91. Defendant made these statements without privilege or justification.

92. It was Defendant's expectation and intent that its customers would deny Plaintiff employment based upon its representations that he had a criminal record.

93. As a result of Defendant's false and defamatory statements, Plaintiff suffered damages including but not limited to harm to reputation, loss of employment opportunities, time spent to resolve the problem, and/or emotional distress.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants, based on the following requested relief:

A. An order certifying this action as a Plaintiff class action under Cal. Rule 3.764 as set forth herein;

B. An award of actual damages;

C. An award of statutory damages;

D. An award for punitive and exemplary damages; and as to causes of action for which they are available under the applicable law in such amount as the Court deems just and proper;

E. An award of reasonable attorneys' fees, and costs of investigation and litigation, under 15 U.S.C. §§ 1681n and 1681o, Cal. Civil Code § 1785.31, Cal. Civil Code § 1786.50(a)(2), and C.C.P. § 1021.5;

F. Appropriate injunctive relief; and

G. Such other and further relief as the Court may deem necessary or appropriate.

Dated: May 5, 2023              Respectfully submitted,

**FRANCIS MAILMAN SOUMILAS, P.C.**

BY:    /s/ John Soumilas
Erika A. Heath, Esq.
John Soumilas, Esq.
Geoffrey H. Baskerville, Esq.
Travis B. Martindale-Jarvis, Esq.
1600 Market Street, Suite 2510
Philadelphia, PA 19103
(215) 735-8600

*Attorneys for Plaintiff*

## **JURY TRIAL DEMANDED**

Plaintiff demands trial by jury on all issues.

Dated: May 5, 2023				**FRANCIS MAILMAN SOUMILAS, P.C.**

					By:	*/s/ John Soumilas*
						John Soumilas
						Attorney for Plaintiff and the Proposed Classes

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed electronically and served by U.S. Mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by facsimile to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's EM/ECF System.

Dated:  May 5, 2023   /s/ John Soumilas
   John Soumilas