Erika Angelos Heath (SBN 304683)
(eheath@consumerlawfirm.com)
FRANCIS MAILMAN SOUMILAS, P.C.
369 Pine Street, Suite 410
San Francisco, CA 94104
Tel: (628) 246-1352
Fax: (215) 940-8000

James A. Francis (*Pro hac vice*)
(jfrancis@consumerlawfirm.com)
John Soumilas (*Pro hac vice*)
(jsoumilas@consumerlawfirm.com)
FRANCIS MAILMAN SOUMILAS, P.C.
1600 Market St., Suite 2510
Philadelphia, PA 19103
Telephone: (215) 735-8600
Facsimile: (215) 940-8000

*Attorneys for Plaintiff*
*Damarcus Stewart and the Class*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| DAMARCUS STEWART, on behalf of himself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> ACCURATE BACKGROUND, LLC, <br><br> Defendant. | Case No. 5:22-cv-01926-EJD <br><br> **PLAINTIFF'S NOTICE OF MOTION AND UNCONTESTED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF LAW IN SUPPORT THEREOF** <br><br> Date: June 15, 2023 <br> Time:  9:00 a.m. <br> Place:  Courtroom 4 – 5th Floor <br> San Jose, California |

22-cv-01926-EJD

PLAINTIFF'S NOTICE OF MOTION AND UNCONTESTED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF LAW IN SUPPORT THEREOF

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on June 15, 2023, at 9:00 a.m., or as soon thereafter as the Court may order, in Courtroom 4 – 5th Floor, United States District Court for the Northern District of California, 280 South 1st Street, San Jose, California, the Hon. Edward J. Davila presiding, Plaintiff Damarcus Stewart will and hereby does move for an Order Granting Preliminary Approval of Class Action Settlement, pursuant to the Settlement Agreement filed concurrently herewith.

This Motion is made pursuant to Fed. R. Civ. P. 23 and is based upon this Notice of Motion and Motion, the accompanying Memorandum of Law, the Settlement Agreement and such evidence and argument as the Court may consider at the hearing on this Motion.

Defendant does not contest this Motion.

Dated:  May 5, 2023

**FRANCIS MAILMAN SOUMILAS, P.C.**

*/s/ John Soumilas*
James A. Francis
(jfrancis@consumerlawfirm.com)
John Soumilas
(jsoumilas@consumerlawfirm.com)
1600 Market Street, Suite 2510
Philadelphia, PA  19103
(215) 735-8600

Erika Angelos Heath (SBN 304683)
(eheath@consumerlawfirm.com)
FRANCIS MAILMAN SOUMILAS, P.C.
369 Pine Street, Suite 410
San Francisco, CA 94104
Tel: (628) 246-1352
Fax: (215) 940-8000

*Attorneys for Plaintiff*
*Damarcus Stewart and the Class*

PLAINTIFF'S NOTICE OF MOTION AND UNCONTESTED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF LAW IN SUPPORT THEREOF

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................. iii

I.      INTRODUCTION ........................................................................................................1

II.     PROCEDURAL HISTORY ........................................................................................2

    A.     Pleadings ............................................................................................................2

    B.     Written Discovery ..............................................................................................2

    C.     Mediation and Documentation of the Settlement ..............................................3

III.    THE PROPOSED SETTLEMENT ............................................................................3

    A.     The Settlement Class ..........................................................................................4

    B.     The Consideration Provided To The Class Under The Agreement ....................4

        1.     Payments to Settlement Class Members ................................................4

        2.     Notice and Settlement Administration ...................................................5

        3.     Service Award and Individual Settlement ..............................................6

        4.     Attorneys' Fees and Costs .....................................................................6

        5.     Residual Funds to *Cy Pres* Recipients ...................................................6

    C.     Release ................................................................................................................7

    D.     The Required Class Action Fairness Act Notice ................................................7

    E.     Objections ...........................................................................................................7

IV.     LEGAL STANDARD ..................................................................................................8

V.      THE SETTLEMENT SHOULD BE PRELIMINARILY APPROVED AND
       NOTICE SHOULD BE SENT TO THE CLASS ........................................................9

    A.     Class Representative and Class Counsel Have Adequately Represented the
        Class ..................................................................................................................10

    B.     The Settlement Negotiations Were at Arm's Length ........................................11

    C.     The Relief Provided for the Class Is Adequate ................................................12

1.    The Risks of Continued Litigation.........................................................12

2.    The Effectiveness of Proposed Method of Class Distribution...............12

3.    Terms of Proposed Award of Attorneys' Fees ....................................13

4.    The Proposal Treats Class Members Equitably ...................................13

VI.    ELEMENTS FOR CERTIFICATION OF A CLASS SETTLEMENT .......................14

A.    The Class Is Sufficiently Numerous .................................................14

B.    There are Questions of Law and Fact That Are Common to the Class ............14

C.    Plaintiff's Claims Are Typical of the Proposed Class ......................................15

D.    Plaintiff and His Counsel Will Adequately Represent the Class.....................16

E.    The Class Meets the Requirements of Rule 23(b) ..........................................16

VII.    THE PROPOSED CLASS NOTICE IS CONSTITUTIONALLY SOUND................17

VIII.    PROPOSED SCHEDULE ...........................................................................18

IX.    CONCLUSION.........................................................................................19

PLAINTIFF'S NOTICE OF MOTION AND UNCONTESTED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF LAW IN SUPPORT THEREOF

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Adams v. Inter-Con Sec. Sys. Inc.*,
  2007 WL 3225466 (N.D. Cal. Oct. 30, 2007)................................................................11

*Amchem Prods., Inc. v. Windsor*,
  521 U.S. 591 (1997)........................................................................................................16

*Barel v. Bank of America*,
  255 F.R.D. 393 (E.D. Pa. 2009).....................................................................................10

*Blackie v. Barrack*,
  524 F.2d 891 (9th Cir. 1975) ..........................................................................................14

*Campbell v. Facebook, Inc.*
  951 F.3d 1106 (9th Cir. 2020) ..........................................................................................9

*Churchill Village, LLC v. General Electric*,
  361 F.3d 566 (9th Cir. 2004) ..........................................................................................12

*Cottle v. Plaid Inc.*,
  340 F.R.D. 356 (N.D. Cal. 2021).....................................................................................10

*Der Hacopian v. SentryLink*,
  C.A. 18-3001 (ECF 66) (D. Md., Nov. 23, 2020)...........................................................10

*In re Domestic Air Transp. Antitrust Litig.*,
  148 F.R.D. 297 (N.D. Ga. 1993)......................................................................................14

*In re Employee Benefit Plans Secs. Litig.*,
  1993 WL 330595 (D. Minn. June 2, 1993).......................................................................11

*Flores v. Express Services, Inc.*,
  2017 WL 1177098 (E.D. Pa. March 30, 2017)................................................................10

*Hanlon v. Chrysler Corp.*,
  150 F.3d 1011 (9th Cir. 1998) ...................................................................................14, 16

*Hanon v. Dataproducts Corp.*,
  976 F.2d 497 (9th Cir. 1992) ...........................................................................................15

*Hansen v. Ticket Track, Inc.*
  213 F.R.D. 412 (W.D. Wash. 2003) ................................................................................16

PLAINTIFF'S NOTICE OF MOTION AND UNCONTESTED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF LAW IN SUPPORT THEREOF

*Kelly v. Business Information Group*,
    2019 WL 414915 (E.D. Pa. Jan. 31, 2019) ........................................................................11

*Larson v. Trans Union, LLC*,
    2015 WL 3945052 (N.D. Cal. June 26, 2015) .................................................................11

*Leo v. AppFolio*,
    No. 3:17-cv-05771-RJB (ECF 61, 62) (W.D. Wash. Jul. 8, 2019) ............................5, 12

*Leo v. AppFolio*,
    No. 3:17-cv-05771-RJB (ECF 66) (W.D. Wash. Jul. 18, 2019) ...................................15

*Lerwill v. Inflight Motion Pictures, Inc.*,
    582 F.2d 507 (9th Cir. 1978) .........................................................................................16

*In re Lithium Ion Batteries Antitrust Litig.*,
    2020 WL 7264559 (N.D. Cal. Dec. 10, 2020) ................................................................9

*Martinez v. Avantus, LLC*,
    __ F.R.D. __, 2023 WL 112807 (D. Conn. Jan. 5, 2023) ...............................................10

*Mullane v. Central Hanover Trust*,
    339 U.S. 306 (1950) .......................................................................................................17

*Nat'l Rural Telecomm. Coop. v. DIRECTV, Inc.*,
    221 F.R.D. 523 (C.D. Cal. 2004) ..................................................................................11

*In re Netflix Privacy Litig.*,
    2012 WL 2598819 (N.D. Cal. July 5, 2012) .................................................................11

*In re Omnivision Tech., Inc.*,
    559 F. Supp. 2d 1036 (N.D. Cal. 2008) ........................................................................13

*Parra v. Bashas', Inc.*,
    536 F.3d 975 (9th Cir. 2008) .........................................................................................15

*Patel v. Trans Union, LLC*,
    308 F.R.D. 292 (N.D. Cal. 2015) ......................................................................11, 15, 17

*Patel v. Trans Union, LLC*,
    No. 3:14-cv-0522-LB (ECF 159, 159-1) (N.D. Cal. Feb. 22, 2018) ..........................5, 12

*Ramirez v. Trans Union, LLC*,
    2022 WL 17722395 (N.D. Cal. Dec. 15, 2022) ...........................................................10

*Ramirez v. Trans Union, LLC*,
    301 F.R.D. 408 (N.D. Cal. 2014) .............................................................................15, 17

iv

PLAINTIFF'S NOTICE OF MOTION AND UNCONTESTED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF LAW IN SUPPORT THEREOF

*Rodriguez v. W. Publ'g Corp.*,
   563 F.3d 948 (9th Cir. 2009) *vacated on other grounds* 688 F.3d 645 .............................9

*Romero v. Producers Dairy Foods, Inc.*,
   235 F.R.D. 474 (E.D. Cal. 2006) .....................................................................17

*In re Tableware Antitrust Litig.*,
   241 F.R.D. 644 (N.D. Cal. 2007)....................................................................17

*In re Wash. Pub. Power Supply Sys. Sec. Litig.*,
   19 F.3d 1291 (9th Cir. 1994) .........................................................................13

*Watson v. Checkr, Inc.*,
   No. 3:19-cv-03396-EMC (ECF 75) (N.D. Cal. Sept. 20, 2021)............................5

*White v. Equifax Info. Solutions*,
   No. 05-01070, 2014 WL 1716154 (C.D. Cal. May 1, 2014)................................10

### STATUTES

California Business and Professions Code § 17200 ...................................................7

California Penal Code § 1203.4 ....................................................................1, 2, 3, 4

Class Action Fairness Act of 2005, 28 U.S.C. § 1715...........................................5, 7

Consumer Credit Reporting Agencies Act, CAL. CIV. CODE § 1785 *et seq*.......................1, 2, 7

Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681x ........................................*passim*

   15 U.S.C. § 1681e(b) ...............................................................................*passim*

   15 U.S.C. § 1681k.........................................................................................7

   15 U.S.C. § 1681n(a)(1)(A) ..........................................................................12

Investigative Consumer Reporting Agencies Act, CAL. CIV. CODE § 1786 *et seq*. ...........1, 2, 7

### FEDERAL RULES

FED. R. CIV. P. 23.......................................................................................8

   FED. R. CIV. P. 23(a) .................................................................................16

   FED. R. CIV. P. 23(a)(2) ..............................................................................14

   FED. R. CIV. P. 23(a)(3) ..............................................................................15

   FED. R. CIV. P. 23(a)(4) ..............................................................................16

PLAINTIFF'S NOTICE OF MOTION AND UNCONTESTED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF LAW IN SUPPORT THEREOF

FED. R. CIV. P. 23(b) ........................................................................................................16

FED. R. CIV. P. 23(b)(3) ........................................................................................14, 16, 17

FED. R. CIV. P. 23(c)(2)(B) ........................................................................................17, 18

FED. R. CIV. P. 23(e) ..........................................................................................................8

FED. R. CIV. P. 23(e)(1)(A) ................................................................................................8

FED. R. CIV. P. 23(e)(1)(B) ............................................................................................8, 9

FED. R. CIV. P. 23(e)(2) ..........................................................................................1, 8, 9, 10

FED. R. CIV. P. 23(e)(2)(C)(ii) ..........................................................................................12

FED. R. CIV. P. 23(e)(3) ......................................................................................................9

### OTHER AUTHORITIES

Herbert B. Newberg & Alba Conte, NEWBERG ON CLASS ACTIONS (4th ed. 2002) ........................................................................................................8, 9, 11

MANUAL FOR COMPLEX LITIGATION (4th ed. 2004) ........................................8, 9, 10

PLAINTIFF'S NOTICE OF MOTION AND UNCONTESTED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF LAW IN SUPPORT THEREOF

## **MEMORANDUM OF LAW**

### I.    **INTRODUCTION**

Plaintiff Damarcus Stewart brought this consumer protection class action against Defendant Accurate Background, LLC ("Defendant" or "Accurate Background") seeking to address Accurate Background's handling of expunged criminal records.  Plaintiff brought claims under the federal Fair Credit Reporting Act, 15 U.S.C. § 1681e(b) ("FCRA"), California's Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785.14(b) ("CCRAA"), and under multiple provisions of California's Investigative Consumer Reporting Agencies Act, Cal. Civ. Code §§ 1786.18(c), 1786.20(b), and 1786.28(b) ("ICRAA").  ECF 1-1.  Plaintiff asserted that Accurate Background's lack of urgency in searching for expungements of criminal records violated the FCRA's accuracy requirement at section 1681e(b) and the "maximum possibly accuracy" required by the CCRAA and ICRAA. Plaintiff further pled that Accurate Background was not verifying the accuracy of its information in violation of the ICRAA. Plaintiff sought to represent a nationwide class of similarly situated individuals, who had been subjected to the same procedures. *Id.*

Defendant has identified in this matter a group of individuals about whom, like Plaintiff, it prepared a consumer reports containing a criminal record, and which Defendant has determined that the records reported should be removed from the report because it had been (i) expunged, (ii) sealed, (iii) dismissed pursuant to California Penal Code § 1203.4, or (iv) otherwise extinguished from the public record.  The parties engaged in a mediation to discuss a class wide resolution of the matter with this information.  With the assistance of the Honorable Diane Walsh (Ret.) of JAMS, the parties were able to reach an agreement, which was formalized as the Settlement Agreement submitted along with this motion.

As discussed in detail herein, the Settlement provides for substantial monetary compensation for all individuals in the class agreed upon by the parties.  By this motion, Plaintiff respectfully requests that this Court preliminarily approve the Settlement Agreement by entering an Order: (1) finding that it will likely be able to approve the proposed settlement under Fed. R. Civ. P. 23(e)(2),

as amended, and certify the proposed Settlement Class for purposes of judgment;  (2) approving the form, content, and method of delivering notice as set out in the Settlement Agreement, attached hereto as <u>Appendix I</u>, and the exhibits attached thereto; and (3) scheduling a final approval hearing.

## II.    <u>PROCEDURAL HISTORY</u>

### A.    <u>Pleadings</u>

On February 21, 2022, Plaintiff filed a Complaint in the Superior Court of the State of California for the County of Santa Clara.  ECF 1-1.  Plaintiff asserted that Accurate Background failed to ensure maximum accuracy of its information by reporting criminal record information on consumer reports although it had been expunged, sealed, or otherwise removed from the public record, in violation of FCRA section 1681e(b).  Plaintiff also brought corollary claims under the CCRAA, CAL. CIV. CODE § 1785 *et seq*., and the ICRAA.  *Id.*

Defendant filed an Answer in the Superior Court of the State of California on March 25, 2022.  ECF 1-2 and removed the action to this Court by Notice of same on March 25, 2022.  ECF 1.

Plaintiff filed an Amended Complaint on May 5, 2023 with the consent of Defendant.  ECF 22.

### B.    <u>Written Discovery</u>

After a scheduling order in the case issued on June 22, 2022, and Defendant provided a Declaration of Tracy Vrchota on September 30, 2022, specifying the process used to identify the group of individuals who make up the Settlement Class here.  Plaintiff served a set of discovery requests on Defendant on December 29, 2022.  This set of requests began factual investigation by Defendant regarding its practices relating to expunged criminal records appearing on consumer reports.

Following service of these requests, the parties agreed to an informal exchange of information for mediation purposes.  From its records as detailed in the Vrchota Declaration, Defendant identified 230 individuals (a) about whom Defendant furnished a consumer report for employment purposes; (b) whose report contained one or more items of criminal record information relating to a record that had been (i) expunged, (ii) sealed, (iii) dismissed pursuant to California Penal Code § 1203.4, or

PLAINTIFF'S NOTICE OF MOTION AND UNCONTESTED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF LAW IN SUPPORT THEREOF

1    (iv) otherwise extinguished from the public record; (c) who disputed information on their report;

2    (d) where an amended report was issued; and (e) where the amendment of the report was related to

3    the reporting of a criminal record(s) that, at some point before the resolution of the dispute, Defendant

4    determined to be expunged, sealed, otherwise extinguished from the public record, or dismissed

5    pursuant to California Penal Code § 1203.4.

6    **C.    Mediation and Documentation of the Settlement**

7         The Parties participated in a private mediation session with the Hon. Diane Walsh (Ret.) of

8    JAMS virtually via Zoom on March 15, 2023.  The mediation resulted in an agreement to settle the

9    litigation on a class basis.  The Parties notified the Court of the agreement in principle on March 29,

10   2023.  ECF 20.

11        Documenting a formal settlement agreement and collateral documents took additional time to

12   prepare and exchange drafts, and a series of negotiations concerning the details of the terms and

13   conditions of the agreement.  The Parties eventually finalized their agreement as of May 5, 2023

14   ("Agreement"), resulting in the settlement documents attached hereto as Appendix I.

15                    **III.    THE PROPOSED SETTLEMENT**

16        The proposed settlement in this matter reflects the Parties' best efforts to provide a recovery

17   for those individuals who meet the agreed-upon class definition contained in the Settlement

18   Agreement, while also reflecting the risks presented by continuing the litigation in this matter, which

19   could have presented issues regarding class certification, expenses of litigation to include

20   documentary discovery, depositions, and further motion practice on the part of both parties, including

21   the risk of appeals, both interlocutory and otherwise.  The settlement provides substantial monetary

22   compensation to the individuals who had previously complained of incorrect information on their

23   consumer reports furnished by Accurate Background.  The settlement furthermore does not require

24   individuals who had not made such complaints to give any release of claims whatsoever.

25

26

27

28

**A.** **The Settlement Class**

Under the Agreement, the Parties agree to resolve the claims of the 230 individuals, including

Plaintiff Stewart, who meet the class definition agreed upon by the Parties, as follows:

> From the period of February 20, 2020 to February 28, 2023, all natural persons
> residing in the United States and its Territories: (a) about whom Defendant
> furnished a consumer report for employment purposes; (b) whose report
> contained one or more items of criminal record information relating to a record
> that had been (i) expunged, (ii) sealed, (iii) dismissed pursuant to California
> Penal Code § 1203.4, or (iv) otherwise extinguished from the public record;
> (c) who disputed information on their report; (d) where an amended report was
> issued; and (e) where the amendment of the report was related to the reporting
> of a criminal record(s) that, at some point before the resolution of the dispute,
> Defendant determined had been expunged, sealed, otherwise extinguished
> from the public record, or dismissed pursuant to California Penal Code
> § 1203.4.

**B.** **The Consideration Provided To The Class Under The Agreement**

The Agreement requires Accurate Background to pay a Gross Settlement Amount of

$487,000.00.  Agreement, § 6.1.  From the Gross Settlement Amount, the Parties have agreed that

payments will be made as set forth below.

**1.** **Payments to Settlement Class Members**

The Settlement Class consists of all 230 members of the class defined above.  $69,000.00 of

the Class Member Settlement Fund will be reserved for the purpose of making an automatic payment

of at least $300 to each member of the Settlement Class who does not request exclusion, without the

need to take any action.  Agreement, § 6.1(a).  All Settlement Class Members will also have the

opportunity to make a claim attesting that they were harmed by Defendant's reporting of the criminal

record at issue, in order to receive an additional payment.  *Id.* at § 6.1(b).

$184,000.00 of the Class Member Settlement Fund will be reserved for the purpose of making

payments to Class Members submitted claims. *Id.*  Payment will be determined on *pro rata* basis

determined by the number of valid claims submitted, up to a maximum of $5,000.00 each. *Id.* The

amount of each Settlement Class member's individual *pro rata* share will depend on how many

members of the Settlement Class submit valid claims, which shall be simple attestations of harm, with

no need for supporting documentation.   If a portion of the $184,000 is not distributed to successful

PLAINTIFF'S NOTICE OF MOTION AND UNCONTESTED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF LAW IN SUPPORT THEREOF

claimants. because *pro rata* payments are capped at $5,000.00, it will be used first to defray any costs of notice and administration above the $20,000.00 allocated, and will then be used to increase the amount of automatic payments made to Settlement Class Members who do not make a claim.

Based upon discussions with the Settlement Administrator and Class Counsel's experience with similar class actions, Class Counsel expect that approximately 10% of the 230 members of the Settlement Class will submit claims.[1]  Class Counsel therefore expects that successful claimants will receive a payment of $5,000.00 each. Even if the claims rate among Settlement Class members reaches 20%, *pro rata* payments would be approximately $4,000.00 each.

## 2.  Notice and Settlement Administration

The Settlement Fund will be used to pay all costs of notice and settlement administration.

After an evaluation of competing for settlement administration services, American Legal Claims Services, LLC (ALCS) was chosen to be the Settlement Administrator in this case. ALCS submitted the most competitive bid for the work at this stage of the litigation, in that its bid was the lowest and offered the most comprehensive services.[2] ALCS will perform all tasks specified and assigned to it in the Agreement, such as sending the Settlement Notice (Exhibits B & C to Agreement), sending out the CAFA Notice, setting up a settlement website and toll-free telephone number, receiving and processing Claims Forms, handling the payments to Settlement Class Members, and providing regular reports to the Parties and a report to the Court prior to the Final Approval Hearing.

---

[1] *See Watson v. Checkr, Inc.*, No. 3:19-cv-03396-EMC (ECF 75) (N.D. Cal. Sept. 20, 2021) (declaration of administrator in 2021 settlement of FCRA section 1681e(b) claim showing 8% claims rate); *Patel v. Trans Union, LLC*, 3:14-cv-00522-LB (ECF 159-1) (N.D. Cal. Feb. 22, 2018) (declaration of administrator in 2018 settlement of FCRA claims documenting 9% claims rate out of approximately 10,000 potential claimants); *Leo v. AppFolio*, No. 3:17-cv-05771-RJB (W.D. Wash.) at ECF 61 (declaration of administrator in 2019 settlement of FCRA section 1681e(b) claim with similar structure, showing 1.3% claims rate out of over 250,000 potential claimants).  *See also* Appendix II (summary chart of *Watson*, *Patel,* and *Leo* settlements)

[2] Class Counsel solicited two bids for settlement administration of this matter, from American Legal Claims Services, LLC (ALCS), and from Settlement Services, Inc. Class Counsel selected ACLS, which submitted the lower of the two bids, to serve as the Settlement Administrator in this case.  Class Counsel have not selected ACLS as settlement administrator within the prior two years, but out of an abundance of caution Class Counsel notes that ALCS has conducted work as settlement administrator in two of Class Counsel's cases in the last two years pursuant, to engagements which began more than two years ago. *See LaMonaca v. FirstStates Financial Services Corp.*, No. 3:18-cv-11829(NLH)(KMW) (D.N.J.) (settlement reached July 8, 2020, administration completed September 20, 2022); *Chandra Shekar v. Accurate Background, Inc.*, No. 2:17-cv-00585-LA (E.D. Wisc.) (settlement reached December 21, 2020, administration completed September 20, 2022).

PLAINTIFF'S NOTICE OF MOTION AND UNCONTESTED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF LAW IN SUPPORT THEREOF

Agreement § 7.  Class Counsel currently estimate that the costs of notice and administration will be $20,000, which is reasonable in light of the size of the class and the direct notice program. *Id.* at §6.1(d).

The Settlement Administrator shall ensure that the information that it receives from Defendant and Settlement Class Members is secured and managed in such a way as to protect the security and confidentiality of the information, consistent with the privacy policies of Defendant as well as applicable law.

### 3.    Service Award and Individual Settlement

In exchange for the dismissal of the action with prejudice and the releases described below, Defendant agrees to make a total payment to Plaintiff Damarcus Stewart of Thirty Thousand Dollars and Zero Cents ($30,000.00).  This is comprised of $10,000 as a Service Award for Mr. Stewart's service to the class and $20,000 as an individual settlement for his non-class claims and in exchange for the general release that only Mr. Stewart will provide to Defendant.  Agreement, §§ 6.1(b), 10.2.

### 4.    Attorneys' Fees and Costs

The Agreement provides that Class Counsel may file a Fee Petition for an award of attorneys' fees in an amount not to exceed $184,000.00.  *Id.* at § 6.1(f). Plaintiff will show in his fee petition, the total fee request is reasonable in light of the lodestar Class Counsel have incurred and are expected to incur in order to reach this Settlement.

Class Counsel will submit an application for the individual settlement and service award and for attorneys' fees, costs and expenses of the litigation at least ten (10) days prior to the deadline for Settlement Class Members to submit objections to the settlement, detailing their lodestar and expenses, and providing further support for the reasonableness of the requested award.  A copy of the application shall be made available to Settlement Class Members on the settlement website.

### 5.    Residual Funds to *Cy Pres* Recipients

The Agreement provides that there will be no reversion of any funds to the Defendants under any circumstances.  Agreement at § 6.3.   To the extent money remains in the Settlement Fund

PLAINTIFF'S NOTICE OF MOTION AND UNCONTESTED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF LAW IN SUPPORT THEREOF

following the void date of the last payment to a Settlement Class Member, the Parties have agreed that the funds shall be distributed to a *cy pres* recipient(s), which will be subject to agreement by the parties. The *cy pres* recipient will be selected based on a showing of work closely related to the subject matter of this case.

**C.    Release**

The scope of the release to which each Settlement Class Member would be bound is limited to claims that were asserted or could have been asserted, arising out of or related to the facts or claims alleged in the litigation, and specifically including claims under (1) 15 U.S.C. § 1681e(b) and 15 U.S.C. § 1681k of the Fair Credit Reporting Act; (2) Cal. Civ. Code § 1786 *et seq.* ("ICRAA"); (3) Cal. Civ. Code § 1785 *et seq.* ("CCRAA"); and (4) California Business and Professions Code § 17200 ("UCL"). Agreement at § 10.1. Plaintiff, on behalf of himself only, will provide Defendant with a general release. *Id*., § 10.2.

**D.    The Required Class Action Fairness Act Notice**

The Settlement Administrator shall prepare the notice required to be served under the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 ("CAFA"), and mail the CAFA Notice within ten days after the filing of the Settlement Agreement with the Court, and Defendant's Counsel shall file a certificate of such service with the Court. Agreement at §§ 2.3, 3.1.

**E.    Objections**

Any Settlement Class Member who wishes to object to the Settlement or Fee Petition at the Final Approval Hearing, and/or who wishes for any objection to be considered, must file a Notice of Objection by the Objection Deadline. Agreement at § 5.

The Notice of Objection shall be mailed to Class Counsel, Defendant's Counsel and the Clerk of the Court. Objections shall be personally signed and state: the caption of the Litigation; the full name, address and telephone number of the Class Member objecting to the Settlement; a detailed statement of each objection asserted, including the grounds for objection and reasons for appearing and being heard, together with any documents such Settlement Class Member wishes to be considered

PLAINTIFF'S NOTICE OF MOTION AND UNCONTESTED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF LAW IN SUPPORT THEREOF

1    in support of the objection; the identity of all counsel who represent the objector, including any former

2    or current counsel who may be entitled to compensation for any reason related to the objection to the

3    Settlement or Fee Petition; any and all agreements that relate to the objection or the process of

4    objecting — whether written or oral — between objector or objector's counsel and any other person

5    or entity; the identity of all counsel representing the objector who will appear at the Final Approval

6    Hearing; and, all relief sought. *Id.*

7        Any objector wishing to be heard at the Final Approval Hearing must also file a notice of

8    intent to appear with the Court Clerk's office no later than ten (10) business days before the Final

9    Approval Hearing, and must provide both Class Counsel and Defendants' Counsel with copies of the

10   notice of intent to appear. *Id.*

11                              **IV.    LEGAL STANDARD**

12       Under Rule 23(e) of the Federal Rules of Civil Procedure, a class settlement may be approved

13   if the settlement is "fair, reasonable, and adequate." Under the recent amendments to Rule 23, the

14   first step in the process is a preliminary fairness determination.  Specifically, counsel submit the

15   proposed terms of settlement to the district court, along with "information sufficient to enable [the

16   court] to determine whether to give notice of the proposal to the class." Fed. R. Civ. P. 23(e)(1)(A)

17   (2018).  This is so that the Court may make "a preliminary determination on the fairness,

18   reasonableness, and adequacy of the settlement terms[.]" MANUAL FOR COMPLEX LITIGATION

19   § 21.632 (4th ed. 2004); *see also* Herbert B. Newberg & Alba Conte, NEWBERG ON CLASS ACTIONS

20   § 11.25 (4th ed. 2002) ("NEWBERG").

21       The Rule calls for front-loaded scrutiny of a proposed settlement so that any issues are

22   identified *before* notice goes out to the class.  The new Fed. R. Civ. P. 23(e) states that grounds exist

23   for class notice where the parties show that "the court will likely be able to (i) approve the proposal

24   under Rule 23(e)(2); and (ii) certify the class for purposes of judgment on the proposal." Fed. R. Civ.

25   P. 23(e)(1)(B).  To that end, where, as here, the proposed settlement would bind class members, it

26

27

28

PLAINTIFF'S NOTICE OF MOTION AND UNCONTESTED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF LAW IN SUPPORT THEREOF

may only be approved after a hearing and a finding that it is fair, reasonable, and adequate, based on the following factors:

> (A)   the class representatives and class counsel have adequately represented the class;
>
> (B)   the proposal was negotiated at arm's length;
>
> (C)   the relief provided for the class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorney's fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and
>
> (D)   the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).  If the court preliminarily finds that the settlement is fair, adequate, and reasonable, it then "direct[s] the preparation of notice of the certification, proposed settlement, and date of the final fairness hearing." MANUAL FOR COMPLEX LITIGATION, § 21.632; Fed. R. Civ. P. 23(e)(1)(B).  The second step in the process is a final fairness hearing.  Fed. R. Civ. P. 23(e)(2).

As explained below, consideration of these factors supports preliminarily approving the Settlement, conditionally certifying the Settlement Class, and issuing notice.

## V.      THE SETTLEMENT SHOULD BE PRELIMINARILY APPROVED AND NOTICE SHOULD BE SENT TO THE CLASS

The Ninth Circuit has a "'strong judicial policy that favors settlements, particularly where complex class action litigation is concerned.'"  *Campbell v. Facebook, Inc.* 951 F.3d 1106, 1120-21 (9th Cir. 2020); *see also* NEWBERG § 11.41 ("By their very nature, because of the uncertainties of outcome, difficulties of proof, length of litigation, class action suits lend themselves readily to compromise.").  There is an "overriding public interest in settling and quieting litigation," *In re Lithium Ion Batteries Antitrust Litig.*, No. 13-MD-02420 YGR (DMR), 2020 WL 7264559, at *13 (N.D. Cal. Dec. 10, 2020) (quoting *Van Bronkhorst v. Safeco Corp.*, 529 F.2d 943, 950 (9th Cir. 1976)), and the Ninth Circuit "has long deferred to the private consensual decision of the parties" to settle, *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 965 (9th Cir. 2009) *vacated on other grounds* 688 F.3d 645.

PLAINTIFF'S NOTICE OF MOTION AND UNCONTESTED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF LAW IN SUPPORT THEREOF

Where, as here, the parties propose to resolve the claims of a class through settlement, they must obtain the court's approval.  *See* Fed. R. Civ. P. 23(e)(2).  Plaintiff asks that the Court enter an Order preliminarily approving the parties' settlement and directing notice to the Class.

At this stage, the Court "must make a preliminary determination of the fairness, reasonableness, and adequacy of the settlement terms and must direct preparation of notice of the certification, proposed settlement, and date of the final fairness hearing."  MANUAL FOR COMPLEX LITIGATION, § 21.632.  "The district court's role in reviewing proposed class actions settlement is to determine whether a settlement is 'fundamentally fair, adequate, and reasonable.'" *Cottle v. Plaid Inc.*, 340 F.R.D. 356, 373 (N.D. Cal. 2021) (*quoting In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 458 (9th Cir. 2000)).

## A.   <u>Class Representative and Class Counsel Have Adequately Represented the Class</u>

Class Counsel have diligently and zealously represented the individuals affected by this Settlement, including drafting of complaint, factual investigation, and zealous representation at mediation.  Class Counsel and Mr. Stewart prepared for and represented class members at mediation to achieve an excellent result for all class members, making informed decisions when negotiating the proposed settlement.

In negotiating the proposed settlement, Plaintiff had the benefit of highly skilled and experienced counsel.  Class Counsel have broad experience litigating and trying consumer and class action cases on behalf of plaintiffs.[3]   In their view, the settlement provides substantial benefits to the

---

[3] Due to its litigation proficiency, expertise and the high caliber of its work-product, FMS has been repeatedly recognized and commended by federal courts throughout the country over many years.  *Barel v. Bank of America*, 255 F.R.D. 393, 398-99 (E.D. Pa. 2009) (finding firm "competent, experienced and well-qualified to prosecute class actions" and noting that class counsel "have done an excellent job in representing the class in the instant litigation."); *Martinez v. Avantus, LLC*, __ F.R.D. __, 2023 WL 112807, at *9 (D. Conn. Jan. 5, 2023) (firm "has substantial experience in class action litigation, including FCRA class actions … [and] demonstrated proficiency at all stages of suit"); *Ramirez v. Trans Union, LLC*, 2022 WL 17722395 (N.D. Cal. Dec. 15, 2022) ("Courts have consistently recognized Francis Mailman Soumilas 'for its expertise in FCRA litigation and the high caliber of its work for the classes it represents.'"); *Der Hacopian v. SentryLink*, C.A. 18-3001 (ECF 66) (D. Md., Nov. 23, 2020) (firm "many, many times in the past has been found to be not just qualified or competent, but extremely well-qualified and competent to represent consumer classes in many, many other jurisdictions, not only this particular jurisdiction"); *Flores v. Express Services, Inc.*, C.A. No.14-3298, 2017 WL 1177098, at *3 (E.D. Pa. March 30, 2017) (firm "has extensive experience in consumer class action litigation); *White v. Equifax Info. Solutions*, No. 05-01070, 2014 WL 1716514, at *13, 19, 22 (C.D. Cal. May 1, 2014), *aff'd sub nom. Radcliffe*

PLAINTIFF'S NOTICE OF MOTION AND UNCONTESTED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF LAW IN SUPPORT THEREOF

Settlement Class, especially when one considers the attendant expense, risks, delays, and uncertainties of class litigation, which may include class certification briefing, a potential summary judgment motion, trial, and the potential for the imposition of substantial appellate costs on the class.

**B.**    **The Settlement Negotiations Were at Arm's Length**

Typically, "[t]here is a presumption of fairness when a proposed class settlement, which was negotiated at arm's-length by counsel for the class, is presented for Court approval." NEWBERG, *supra*, §11.41; *see also Nat'l Rural Telecomm. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 528 (C.D. Cal. 2004) (great weight given to the recommendation of counsel who are the most closely acquainted with the facts of the litigation); *In re Employee Benefit Plans Secs. Litig.*, No. 3-92-708, 1993 WL 330595, at *5 (D. Minn. June 2, 1993) (same).

There is no doubt that the proposed settlement was reached through arm's length bargaining. With sufficient information to make the process meaningful, the Parties engaged in a formal, day-long, mediation before a well-respected mediator, armed with sufficient discovery and well-researched and thought-out assessments of the likelihood of success of their respective claims and defenses. The mediation resulted in a written term sheet, which, following additional negotiations, ultimately resulted in the formal settlement agreement that is attached hereto as Appendix I.

Additionally, the fact that the settlement process and the progress made at that session was overseen by an experienced mediator indicates the settlement was anything but collusive. *See, e.g., Adams v. Inter-Con Sec. Sys. Inc.*, No. C-06-5428 MHP, 2007 WL 3225466, at *3 (N.D. Cal. Oct. 30, 2007); *see also In re Netflix Privacy Litig.*, No. 5:11-cv-00379 EJD, 2012 WL 2598819, at *1, 2 (N.D. Cal. July 5, 2012).

---

*v. Equifax Info. Sol'ns., Inc.*, 818 F.3d 537, 548 (9th Cir. 2016) (appointing firm and its team as interim class counsel over objections from a competing national law firm (Boies Schiller) because firm's team's "credentials and experience [we]re significantly stronger in class action and FCRA litigation."); *Patel v. Trans Union, LLC*, 308 F.R.D. 292, 307 (N.D. Cal. 2015) (FMS "have represented consumer classes in many cases in many districts … [and] have shown their proficiency in this case[.]"); *Kelly v. Business Information Group*, C.A. 15-6668, 2019 WL 414915 (E.D. Pa. Jan. 31, 2019) (firm "qualified and experienced attorneys --- Francis & Mailman, P.C., of Philadelphia … who have substantial experience in class action and FCRA consumer litigation and who are qualified to conduct the litigation."); and *Larson v. Trans Union, LLC*, C.A. 12-cv-05726, 2015 WL 3945052, at *12 (N.D. Cal. June 26, 2015) (appointing firm as class counsel on contested motion).

PLAINTIFF'S NOTICE OF MOTION AND UNCONTESTED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF LAW IN SUPPORT THEREOF

**C.**    **The Relief Provided for the Class Is Adequate**

**1.**    **The Risks of Continued Litigation**

The Settlement provides all of the significant benefits described above to the Settlement Class without the risks, costs, and delays inherent in continued litigation, including the risk of a motion for class certification, a potential motion for summary judgment and trial, plus the potential for appeals. The expense, complexity, and duration of litigation are important factors considered in evaluating the reasonableness of a settlement. *Churchill Village, LLC v. General Electric*, 361 F.3d 566, 577 (9th Cir. 2004). Litigating this class action through trial would be time-consuming and expensive. As with most class actions, the claims at issue are complex and risky. Without the Settlement, complicated further proceedings would be necessary, and such further proceedings would be hard fought and could potentially lead to appeals and even further delay. Although Plaintiff remains confident in the strength of his case, and is prepared to litigate it to conclusion, the risks are numerous and real.

By contrast, the Settlement provides significant cash benefits to the Settlement Class in the form of FCRA damages. Under the FCRA, a prevailing plaintiff in a class action may obtain, *inter alia*, actual damages or between $100 and $1,000 in statutory damages for each member of a class. 15 U.S.C. § 1681n(a)(1)(A). At this stage of litigation, a minimum recovery of $300, up to $5,000 for successful claims, represents a substantial benefit. Such an award would compare favorably to other cases addressing violations of FCRA section 1681e(b). *See, e.g. Patel v. Trans Union, LLC*, No. 3:14-cv-0522-LB (ECF 159, at p. 6) (N.D. Cal. Feb. 22, 2018) ($1,100 payments for successful claimants); *Leo v. AppFolio, Inc,* No. 3:17-cv-05771-RJB, ECF 62, p. 7 (W.D. Wash. Jul. 8, 2019) ($425 for successful claimants).

**2.**    **The Effectiveness of Proposed Method of Class Distribution**

"[T]he effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims," is also a relevant factor in determining the adequacy of relief. Fed. R. Civ. P. 23(e)(2)(C)(ii).

Settlement Class Members are individuals for whom there is evidence that AB furnished a consumer report containing an expunged criminal record to a third party.  For the 230 members of the Settlement Class, furnishing the report is stipulated by Defendant.  For Settlement Class Members who submit a Valid Claim Form, mere attestation of harm to the Settlement Class Member is the only requirement, rather than a need for any documentation.  *See* Appendix I, Ex. D (proposed Claim Form).  Completion of a Claim Form will make the Class Settlement Member eligible for a *pro rata* payment from the $184,000.00 earmarked for claims.

The methodology for class distribution of funds to Settlement Class Members is simple, straightforward and will be effective in ensuring payment to the Settlement Class.

**3.      Terms of Proposed Award of Attorneys' Fees**

District courts have the discretion to award attorneys' fees based on a percentage of the common fund or based on the lodestar method.  *See In re Wash. Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1295 (9th Cir. 1994).  Additionally, attorneys may recover their reasonable litigation expenses from a common fund.  *See In re Omnivision Tech., Inc.*, 559 F. Supp. 2d 1036, 1042 (N.D. Cal. 2008).  Here, Class Counsel will apply to the Court for an award of attorneys' fees and expenses at least ten (10) days prior to the deadline for Settlement Class Members to object to the Settlement, setting forth in detail their basis for the fees and expenses sought.  Settlement Class Members will have sufficient time to review the fee request, which will be published on the settlement website.  As will be shown in connection with the fee petition, the fees and litigation expenses sought are reasonable in light of the history of this case.

**4.      The Proposal Treats Class Members Equitably**

The Agreement provides meaningful relief to the Settlement Class and treats all Settlement Class Members equitably relative to each other and in light of the available evidence and applicable legal standard.

Under the Agreement, all Settlement Class Members will receive an automatic payment, plus an equal payment on a *pro rata* basis, upon the submission of a Valid Claim Form providing

PLAINTIFF'S NOTICE OF MOTION AND UNCONTESTED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF LAW IN SUPPORT THEREOF

attestation of harm from the report furnished by Accurate Background, which contained a criminal record which had been expunged, sealed, or otherwise removed from the public record. All Settlement Class Members to whom payment is sent will provide the same release of claims, which does not favor or disfavor certain groups of Settlement Class Members over others.

The proposed settlement falls within "a range of reasonableness with respect to a settlement — a range which recognizes the uncertainties of law and fact in a particular case and the concomitant risks and costs necessarily inherent in taking any litigation to completion." *In re Domestic Air Transp. Antitrust Litig.*, 148 F.R.D. 297, 323 (N.D. Ga. 1993); *see also id.* at 326 (A court "should consider the vagaries of litigation and compare the significance of immediate recovery by way of the compromise to the mere probability of relief in the future, after protracted and expensive litigation."). Indeed, "it has been held proper to take the bird in the hand instead of a prospective flock in the bush." *Id.* (internal citation omitted).

## VI.    ELEMENTS FOR CERTIFICATION OF A CLASS SETTLEMENT

### A.    The Class Is Sufficiently Numerous

"The prerequisite of numerosity is discharged if 'the class is so large that joinder of all members is impracticable.'" *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998) (*quoting* Fed. R. Civ. P. 23(a)(1)). A class of 230 Settlement Class Members who will be receiving automatic payments has been identified and stipulated to by the Parties in the Settlement Agreement. Agreement § 1.36. This is a class size that is unquestionably sufficiently numerous for certification purposes.

### B.    There are Questions of Law and Fact That Are Common to the Class

Fed. R. Civ. P. 23(a)(2) requires that there be a common question of law or fact. Rule 23(b)(3) requires that the questions of law or fact common to all members of the class predominate over questions pertaining to individual members. The commonality requirement is satisfied if there are common questions linking the class members that are substantially related to the outcome of the litigation. *Blackie v. Barrack*, 524 F.2d 891, 910 (9th Cir. 1975); *Hanlon,* 150 F.3d at 1019. "Where the circumstances of each particular class member vary but retain a common core of factual or legal

PLAINTIFF'S NOTICE OF MOTION AND UNCONTESTED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF LAW IN SUPPORT THEREOF

issues with the rest of the class, commonality exists." *Parra v. Bashas', Inc.,* 536 F.3d 975, 978-79 (9th Cir. 2008).

Whether Accurate's reporting of criminal records on consumer reports although they had been expunged, sealed, or otherwise removed from the public record was in violation of the FCRA's requirement that CRAs like Accurate follow reasonable procedures to assure maximum possible accuracy is a common question which binds all Settlement Class Members together. *Ramirez v. Trans Union, LLC*, 301 F.R.D. 408, 417-419 (N.D. Cal. 2014) (finding that FCRA section 1681e(b) claim presented common questions, and certifying class); *Patel v. Trans Union, LLC*, 308 F.R.D. 292, 304-05 (N.D. Cal. 2015) (same); *see also Leo v. AppFolio, Inc.*, No. 3:17-cv-05771-RJB, ECF 66 (W.D. Wash. Jul. 18, 2019) (final approval order certifying settlement class).

Here, there is evidence that all members of the proposed Settlement Class were subjected to Defendant's standardized procedures, which missed the expungement of criminal records, resulting in reporting of those records to third parties on a consumer report.

## C.  Plaintiff's Claims Are Typical of the Proposed Class

The typicality requirement is satisfied if "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3).  The typicality test asks "whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (citation omitted).  Plaintiff Stewart's claims are typical of those of the Settlement Class, and his claims are closely aligned to the Class, because Defendant furnished a consumer report on Mr. Stewart to a third party containing a criminal record that was expunged, sealed, or otherwise removed from the public record.  All Class Members also were the subjects of such a report, containing a similar record, and Accurate Background later determined that the record should be removed from the report as a result of a consumer's dispute.  Thus, the typicality requirement is satisfied.

**D.**    **Plaintiff and His Counsel Will Adequately Represent the Class**

Rule 23(a)(4) requires that class representatives, the named plaintiff and his or her counsel, must "fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a)(4).  "Legal adequacy is satisfied if: (1) if there are no antagonistic or conflicting interests between the named plaintiffs and their counsel, and the absent class members; and (2) the named plaintiffs and their counsel will vigorously prosecute the action on behalf of the class."  *Hansen v. Ticket Track, Inc.* 213 F.R.D. 412, 415 (W.D. Wash. 2003) (citing *Hanlon*, 150 F.3d at 1020); *see also, Lerwill v. Inflight Motion Pictures, Inc.,* 582 F.2d 507, 512 (9th Cir. 1978).

As detailed above, both Plaintiff and Class Counsel have represented members of the Settlement Class with dedication, pursuing discovery and garnering cooperation from Defendant in the definition of the type of incorrect information on consumer reports at the heart of this matter.  Plaintiff is familiar with the facts underlying this case, has actively participated in the prosecution of the case, and understands his obligation to represent the class.  There is no indication that Mr. Stewart has any conflict with any class member.

Accordingly, Plaintiff and his counsel will adequately protect the interests of the Settlement Class.

**E.**    **The Class Meets the Requirements of Rule 23(b)**

After satisfying the requirements of Rule 23(a), a plaintiff must also show that at least one of the three requirements of Rule 23(b) is satisfied before the court can certify the class.  *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 614-15 (1997).  The proposed settlement meets both the requirements of Rule 23(b)(3).

Pursuant to Rule 23(b)(3), the court must find that the questions of law or fact common to the class predominate over any questions affecting only individual class members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.  Fed. R. Civ. P. 23(b)(3).  The matters pertinent to a finding under Rule 23(b)(3) include: (a) the interest of class members in individually controlling the prosecution or defense of separate actions; (b) the extent and nature of any litigation concerning the controversy already commenced by or

PLAINTIFF'S NOTICE OF MOTION AND UNCONTESTED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF LAW IN SUPPORT THEREOF

against class members; (c) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (d) the difficulties likely to be encountered in the management of a class action. *Id.*

The objective behind the two requirements of Rule 23(b)(3) is the promotion of economy and efficiency. *In re Tableware Antitrust Litig.*, 241 F.R.D. 644, 651 (N.D. Cal. 2007) (citing advisory committee notes). When common issues predominate, class actions achieve these objectives by minimizing costs and avoiding the confusion that would result from inconsistent outcomes. *Id.* Because no precise test can determine whether common issues predominate, the court must pragmatically assess the entire action and the issues involved. *Romero v. Producers Dairy Foods, Inc.*, 235 F.R.D. 474, 489 (E.D. Cal. 2006).

The predominance requirement of Rule 23(b)(3) is satisfied here because the common questions present a significant aspect of the case and can be resolved for all members of the Settlement Class in a single adjudication. *Ramirez*, 301 F.R.D. at 419-20 (finding that FCRA section 1681e(b) claims presents predominating questions, and certifying class); *Patel*, 308 F.R.D. at 307-09 (same).

Class treatment is also a superior method of resolving this case, as required by Rule 23(b)(3). Because the claims here are being certified for purposes of settlement, there are no issues with manageability, and resolution of hundreds of claims in a single adjudication is superior to individual lawsuits and promotes consistency and efficiency of adjudication. *See* Fed. R. Civ. P. 23(b)(3). Accordingly, certification of this class action is favored as the superior method of adjudicating this controversy.

## VII.    THE PROPOSED CLASS NOTICE IS CONSTITUTIONALLY SOUND

Class notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *See Mullane v. Central Hanover Trust,* 339 U.S. 306, 314 (1950). Notice also must satisfy Rule 23(c)(2)(B), which provides that the notice must clearly and concisely state the following in plain, easily understood language:

PLAINTIFF'S NOTICE OF MOTION AND UNCONTESTED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF LAW IN SUPPORT THEREOF

(i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; and (vi) the binding effect of a class judgment on members under Rule 23(c)(3).

Here, the original notice approved by this Court and sent to the Class contained the required information. The proposed Notice of the settlement is written in plain language, and also complies with Rule 23(c)(2)(B). Agreement at § 3.3. The Settlement Agreement provides for emailed notice to the group of 230 individuals that Defendant has stipulated were the subjects of the types of consumer reports at the center of this case, as well as mailed notice to individuals whose email notices are returned as undeliverable or for whom no email address is available. *Id.* The notice will also be available in electronic format on the settlement website, along with other relevant documents including the operative complaint, the full Settlement Agreement, the Claim Form, and the fee petition once it is filed. *Id.*

Accordingly, the form of notice and plan of dissemination should be approved.

## VIII.    <u>PROPOSED SCHEDULE</u>

Plaintiff proposes, and the Settlement Agreement contemplates, the following schedule for the approval process. If the Court grants preliminary approval, these time frames and key deadlines will be triggered by the entry of the accompanying proposed Order Preliminarily Approving Class Action Settlement.

| Event | Date |
|---|---|
| Entry of Preliminary Approval Order | Day 0 |
| Class List Provided to Settlement Administrate | Day 7 |
| Email Notice Sent | Day 14 |
| Mail Notice Sent | Day 21 |
| Class Counsel to file Motion for Award of Attorneys' Fees and Costs | Day 71 |

| Event | Date |
|---|---|
| Deadline for Objections, Requests for Exclusion, and Claims | Day 81 |
| Deadline for filing intent to appear at Final Approval Hearing | 14 Days before Final Approval Hearing |
| Deadline for Plaintiff's Counsel to file Motion for Final Approval of Class Action Settlement | 10 Days before Final Approval Hearing |
| Final Approval Hearing | Day 105, or thereafter as ordered by the Court |

## IX.     <u>CONCLUSION</u>

The settlement is an excellent result, considering the nature of the litigation, the extensive risks of future motion practice and potential appeals, and a possible trial. Each Class Settlement Member will receive an automatic payment as well as an opportunity to obtain a substantial damages payment based upon completion of a simple claim form. The terms of the settlement, as well as the circumstances surrounding negotiations and its elimination of further costs and delays caused by litigating this case through trial and appeal, satisfy the requirements for preliminary approval.

WHEREFORE, Plaintiff requests that the Court enter an Order, substantially similar to the proposed Preliminary Approval Order filed concurrently with this Motion, that: (1) grants preliminary approval to the proposed settlement; (2) approves of the proposed Notice filed concurrently with this Motion; (3) orders that the proposed Notice be mailed to Class Members in accordance with the Agreement; (4) approves the appointment of the Settlement Administrator; and (5) sets the date of the Final Approval Hearing at the Court's earliest availability, but no sooner than 105 days from the date of the granting of this Motion.

19                                                    22-cv-01926-EJD

PLAINTIFF'S NOTICE OF MOTION AND UNCONTESTED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF LAW IN SUPPORT THEREOF

Dated: May 5, 2023

Respectfully Submitted,

**FRANCIS MAILMAN SOUMILAS, P.C.**

*/s/ John Soumilas*
James A. Francis*
(jfrancis@consumerlawfirm.com)
John Soumilas*
(jsoumilas@consumerlawfirm.com)
1600 Market Street, Suite 2510
Philadelphia, PA  19103
(215) 735-8600

Erika Angelos Heath (SBN 304683)
(eheath@consumerlawfirm.com)
FRANCIS MAILMAN SOUMILAS, P.C.
369 Pine Street, Suite 410
San Francisco, CA 94104
Tel: (628) 246-1352
Fax: (215) 940-8000

* *admitted pro hac vice*

*Attorneys for Plaintiff*
*Damarcus Stewart and the Class*

PLAINTIFF'S NOTICE OF MOTION AND UNCONTESTED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF LAW IN SUPPORT THEREOF

1

**CERTIFICATE OF SERVICE**

2        I hereby certify that a copy of the foregoing was filed electronically and served by U.S.

3    Mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to

4    all parties by operation of the court's electronic filing system or by facsimile to anyone unable

5    to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access

6    this filing through the court's EM/ECF System.

7

8    Dated:  May 5, 2023                    */s/ John Soumilas*
                                            John Soumilas

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28