Erika Angelos Heath (SBN 304683)
(eheath@consumerlawfirm.com)
FRANCIS MAILMAN SOUMILAS, P.C.
369 Pine Street, Suite 410
San Francisco, CA 94104
Tel: (628) 246-1352
Fax: (215) 940-8000

James A. Francis (*Pro hac vice*)
(jfrancis@consumerlawfirm.com)
John Soumilas (*Pro hac vice*)
(jsoumilas@consumerlawfirm.com)
FRANCIS MAILMAN SOUMILAS, P.C.
1600 Market St., Suite 2510
Philadelphia, PA 19103
Telephone: (215) 735-8600
Facsimile: (215) 940-8000

*Attorneys for Plaintiff*
*Damarcus Stewart and the Class*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| DAMARCUS STEWART, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ACCURATE BACKGROUND, LLC,<br><br>Defendant. | Case No. 5:22-cv-01926-EJD<br><br>**PLAINTIFF'S SUPPLEMENTAL BRIEF REGARDING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Date: November 9, 2023<br>Time: 9:00 a.m.<br>Place: Courtroom 4 – 5th Floor<br>San Jose, California |

Pursuant to the Court's direction during the October 11, 2023 hearing on the Motion for Preliminary Approval of Class Action Settlement (ECF 23), Plaintiff Damarcus Stewart hereby submits a Modification to the Settlement Agreement and revised notices to the proposed class for the Court's consideration.

The Parties have made two important changes to the settlement documentation in response to the Court's guidance.  First, the modification to the Settlement Agreement removes the provision in section 8.1 prohibiting Defendant from objecting to or opposing Class Counsel's anticipated Fee Petition.  Plaintiff continues to anticipate moving for $184,000 in fees and litigation expenses as agreed by the Parties and provided for in the Agreement, and will seek this award based upon a lodestar calculation.  As will be detailed further in the Fee Petition, a lodestar analysis is the appropriate method of determining a reasonable fee because the Fair Credit Reporting Act provides for statutory fee shifting, and because it serves the public policy of encouraging private enforcement of the substantive rights created by Congress. Manual for Complex Litigation § 24.13 (3d ed. 1995); *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Grove v. Wells Fargo Fin. California, Inc.*, 606 F.3d 577, 582 (9th Cir. 2010); *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 942 (9th Cir. 2011) (courts have discretion to employ lodestar analysis in class actions). Lodestar analysis is appropriate even where it leads to a fee exceeding the typical 25% benchmark in this circuit.  *See, e.g. Ramirez v. Trans Union, LLC,* 2022 WL 17722395, at *7-11 (N.D. Cal. Dec. 15, 2022) (applying lodestar analysis to approve fee in excess of benchmark in FCRA class action settlement).

Plaintiff believes that his Fee Petition will support his counsel's request for fees and costs as reasonable and appropriate in this case.  At any rate, the recovery for the class is excellent for an FCRA statutory damages class actions, and any award of counsel fees was not negotiated to come out of, and will not come out of, the class's recovery; indeed, the class's recovery will not be impacted positively or negatively by any fee award approved by this Court, which Defendant has agreed to pay separately.  *See* Settlement Agreement at 6.1(f).

The Parties have also confirmed that no language prohibiting Defendant from objecting to or opposing the anticipated request for a service award for Plaintiff is present in the Settlement Agreement.  *See* Section 8.3.  Plaintiff continues to anticipate seeking a service award of $10,000 as provided for in the Settlement Agreement.  As will be discussed more fully in connection with the motion for final approval, this amount is in line with other service awards approved in the context of FCRA class settlements in this District.  *See, e.g.*, *Der-Hacopian v. DarkTrace, Inc.*, 2020 WL 7260054, at *8 (N.D. Cal. Dec. 10, 2020) (approving $15,000 service award for class representative in FCRA class action); *Watson v. Checkr, Inc.*, No. 3:19-cv-03396-EMC at ECF 80 (Dec. 15, 2021 Order approving $10,000 service award for class representative in FCRA class action).  As discussed during the October 11 hearing, the Parties' separate resolution of Plaintiff's individual claims which were not pled on a class basis need not be specifically approved by the Court but has been disclosed out of an abundance of caution pursuant to Fed. R. Civ. P. 23(e).  *See Patel v. Trans Union, LLC*, 2018 WL 1258194, at *1, *7 (N.D. Cal. Mar. 11, 2018) (approving $10,000 service award to class representative who separately settled individual claims in FCRA class action).

Second, in response to the Court's comments, the Parties have revised the proposed notices to the class, submitted herewith as Amended Exhibits B, C, and D attached to the Modification to the Settlement Agreement.  Each notice has been revised to minimize technical or legal terminology and maximize the likelihood that consumers will make a claim. For ease of reference, Plaintiff attaches both "redlined" versions of these exhibits showing the changes made, and also final "clean" versions.

For the reasons set forth herein, as well as the reasons stated in the prior motion and on the record at the hearing, Plaintiff respectfully requests that the Court grant the motion and order that notice be sent consistent with the terms of the Settlement Agreement as modified by the Parties.

22-cv-01926-EJD
PLAINTIFF'S SUPPLEMENTAL BRIEF REGARDING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

Dated:  October 30, 2023         **FRANCIS MAILMAN SOUMILAS, P.C.**

*/s/ John Soumilas*
James A. Francis
(jfrancis@consumerlawfirm.com)
John Soumilas
(jsoumilas@consumerlawfirm.com)
1600 Market Street, Suite 2510
Philadelphia, PA  19103
(215) 735-8600

Erika Angelos Heath (SBN 304683)
(eheath@consumerlawfirm.com)
FRANCIS MAILMAN SOUMILAS, P.C.
369 Pine Street, Suite 410
San Francisco, CA 94104
Tel: (628) 246-1352
Fax: (215) 940-8000

*Attorneys for Plaintiff
Damarcus Stewart and the Class*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed electronically and served by U.S. Mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by facsimile to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's EM/ECF System.

Dated:  October 30, 2023         */s/ John Soumilas*
John Soumilas

22-cv-01926-EJD
PLAINTIFF'S SUPPLEMENTAL BRIEF REGARDING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT