UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DAMARCUS STEWART,<br><br>   Plaintiff,<br><br> v.<br><br>ACCURATE BACKGROUND, LLC,<br><br>   Defendant. | Case No. 5:22-cv-01926-EJD<br><br>**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Re: ECF No. 23 |

On October 11 and November 9, 2023, the Court held hearings on Plaintiff's uncontested motion for preliminary approval of the parties' proposed class settlement; approval of the Class Notice procedures; appointing class representatives, class counsel, and the proposed Settlement Administrator; and setting a date for the hearing on final approval of the settlement. ECF No. 23.

Having considered the motion briefing, the arguments of counsel, the relevant law, the terms of the settlement agreement and the Class Notice, as well as the record in this case, and based on the reasons and terms set forth herein, the Court GRANTS the motion for preliminary approval of class action settlement.

I. **FACTUAL AND PROCEDURAL BACKGROUND**

On February 21, 2022, Plaintiff filed the putative class action complaint in the Santa Clara County Superior Court against Defendant Accurate Background, LLC, alleging that Defendant failed to act with urgency in identifying criminal record expungements in its information. Defendant removed the action to this Court on March 25, 2022. Plaintiff subsequently filed an Amended Class Action Complaint concurrently with the instant motion for preliminary approval of class settlement. The Amended Complaint alleges claims for violations of the Fair Credit Reporting Act ("FCRA"),

15 U.S.C. §§ 1681, *et seq.*;, California Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785, *et seq.*; and the Investigative Consumer Reporting Agency Act, Cal. Civ. Code § 1786, *et seq.*

Following written discovery and a private mediation session with Judge Diane Walsh (ret.), the parties agreed to settle the litigation on a class-wide basis before the class was certified.

### A.     Terms of the Settlement Agreement

Under the terms of the Settlement Agreement, Defendant will pay a non-reversionary settlement amount of **$487,000** (in two payments of $253,000) into a qualified settlement fund for payments to class members, without admitting liability. This amount includes attorneys' fees and costs, the cost of settlement administration, and the class representative's service award and individual settlement.

#### 1.     *Attorneys' Fees and Costs*

Under the Settlement Agreement, Plaintiff's counsel agreed to seek up to **$184,000** in attorneys' fees and costs. The common settlement fund also includes a provision for **$20,000** in settlement administration costs[1]; and up to **$30,000** to be paid to Plaintiff Damarcus Stewart as both an incentive award and individual settlement of his non-class claims.

#### 2.     *Class Relief*

After deductions from the common fund for fees, costs, and service incentive awards, approximately **$253,000** will remain to be distributed among the participating class members. Of this total, an amount of **$69,000** will be used to automatically pay **$300** to each of the 230 class members. The remaining **$184,000** will be paid according to class members who submit a "simple attestation of harm" suffered, calculated on a *pro rata* basis determined by the total number of claims received but not to exceed $5,000 per any one individual. The Agreement provides that no amount shall revert to the Defendant.

---

[1] However, the Settlement Agreement also provides that, "[t]o the extent notice and administration costs exceed $20,000, such amounts will be paid from the Class Member Settlement Fund."

United States District Court
Northern District of California

### 3. Cy Pres/Remainder

The Settlement Agreement provides that, if any amounts remain in the Settlement Fund after all other payments are made and after sixty (60) days past the void date of the last dated settlement check, those funds shall be distributed by the Settlement Administrator to a mutually agreed upon *cy pres* recipient to be identified for the Court's approval at the time of the Final Approval Hearing.

## II. DISCUSSION

### A. Legal Standard

A court may approve a proposed class action settlement of a class only "after a hearing and on finding that it is fair, reasonable, and adequate," and that it meets the requirements for class certification. Fed. R. Civ. P. 23(e)(2). In reviewing the proposed settlement, a court need not address whether the settlement is ideal or the best outcome, but only whether the settlement is fair, free of collusion, and consistent with plaintiff's fiduciary obligations to the class. *See Hanlon v. Chrysler Corp.*, 150 F.3d at 1027. The *Hanlon* court identified the following factors relevant to assessing a settlement proposal: (1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceeding; (6) the experience and views of counsel; (7) the presence of a government participant; and (8) the reaction of class members to the proposed settlement. *Id.* at 1026 (citation omitted); *see also Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004).

Settlements that occur before formal class certification also "require a higher standard of fairness." *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 458 (9th Cir. 2000). In reviewing such settlements, in addition to considering the above factors, a court also must ensure that "the settlement is not the product of collusion among the negotiating parties." *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 946-47 (9th Cir. 2011).

### B. Rule 23 Class Requirements

The Settlement Agreement (ECF No. 23-1) defines the class as:

From the period of February 20, 2020 to February 28, 2023, all natural persons residing in the United States and its Territories:

(a) about whom Defendant furnished a consumer report for employment purposes;
(b) whose report contained one or more items of criminal record information relating to a record that had been
  i. expunged,
  ii. sealed,
  iii. dismissed pursuant to California Penal Code § 1203.4, or
  iv. otherwise extinguished from the public record;
(c) who disputed information on their report;
(d) where an amended report was issued; and
(e) where the amendment of the report was related to the reporting of a criminal record(s) that, at some point before the resolution of the dispute, Defendant determined to be expunged, sealed, otherwise extinguished from the public record, or dismissed pursuant to California Penal Code § 1203.4.

("Settlement Class"). The proposed class is somewhat modified from the class and subclass definitions alleged in the Amended Complaint.

The Court finds that, for purposes of settlement, Plaintiff has satisfied the requirements of Rule 23(a), as well as the requirements for certification under one or more subsections of Rule 23(b). With respect to numerosity under Rule 23(a)(1), the Settlement Class includes 230 members, making it so numerous that joinder of all members is impracticable.

Rule 23(a)(2) commonality requires "questions of fact or law common to the class," though all questions of fact and law need not be in common. *Hanlon*, 150 F.3d at 1026. The focus of this action—whether Defendant's practice of reporting expunged criminal records constituted a reasonable procedure under the FCRA—is common to all class members.

Rule 23(a)(3) requires that the plaintiff show that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." As it did with other class members, Defendant furnished a consumer report about Plaintiff Stewart that contained an expunged, sealed, or removed criminal record to a third party, making Plaintiff's claims typical of class members.

With respect to Rule 23(a)(4), the Court will preliminarily find that the representative parties and class counsel have fairly and adequately represented the interests of the Class. Class Counsel

have demonstrated that they are experienced and competent consumer reporting litigators and, therefore, adequate to represent the Settlement Class as well. Although the purported significant side agreement struck with the named Plaintiff could potentially undermine the adequacy of his representation, *see Roes, 1-2 v. SFBSC Mgmt., LLC* ("*SFBSC*"), 944 F.3d 1035, 1057–58 (9th Cir. 2019), the Court finds that these concerns do not warrant withholding preliminary approval at this time. However, the Court will review the amounts and circumstances of these payments with close scrutiny at final approval to ensure that all requirements of Rule 23 have been satisfied, including the adequacy of the named representative.

The Settlement Class also satisfies Rule 23(b)(3) in that common issues predominate, given that the common inquiry identified under Rule 23(a)(2) is a significant aspect of the case that may be resolved for all class members in a single adjudication. Furthermore, "a class action is superior to other available methods for fairly and efficiently adjudicating," because there are no issues of manageability by certifying the class for settlement purposes and the singular resolution of three hundred claims is evidently superior to the adjudication of three hundred individual lawsuits.

Based on the foregoing, the proposed class is conditionally certified pursuant to Rule 23(c).

### C. Fair, Adequate, and Reasonable

The settlement agreement, a copy of which is attached hereto as **Exhibit A** ("Settlement Agreement"), is granted preliminary approval pursuant to Rule 23(e)(2). Based upon the information before the Court, the Settlement Agreement falls within the range of possible approval as fair, adequate and reasonable, and there is a sufficient basis for notifying the Class and for setting a Fairness and Final Approval Hearing.

As to the *Hanlon* factors, the Court first notes that they indicate the settlement here is reasonable. Proceeding to trial would have been costly; recovery was not guaranteed; and there was the possibility of protracted appeals. Counsel for both parties are also highly experienced. The relief provided for the Class appears to be adequate, taking into account:

(i) the costs, risks, and delay of trial and appeal;

  (ii)  the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

  (iii)  the terms of any proposed award of attorney's fees, including timing of payment; and

  (iv)  any agreements required to be identified under Rule 23(e)(3).

With respect to fairness, the present settlement is a pre-certification settlement, secured relatively early in the litigation after limited written discovery was taken. Accordingly, the Court must conduct a more probing and exacting inquiry for any indicia of collusion or other conflicts of interest than is ordinarily required under Rule 23(e). *See In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935, 947 (9th Cir. 2011). On this point, the Court flags a number of concerning aspects of the present settlement that would be relevant to *Bluetooth*'s exacting fairness inquiry. First, the Settlement Agreement permits Plaintiff's counsel to seek an award of attorneys' fees and costs up to $184,000, which is approximately 38% of the Settlement Fund. Settlement Agreement § 8.1; *see In re Bluetooth*, 654 F.3d at 947 (noting that sign of collusion may be "when counsel receive a disproportionate distribution of the settlement"). This amount is a significant margin above the 25% proportion of the common fund that courts in this district typically award for class settlement attorneys' fees.

Second, the Court's concern with the generous amount of counsel's fees relative to the class recovery is especially heightened when the original Settlement Agreement contained a "clear sailing" clause. Settlement Agreement § 8.1 ("Defendant agrees not to object or oppose Class Counsel's Fee Petition."); *see In re Bluetooth*, 654 F.3d at 949 (noting that clear sailing provisions are "by their nature deprive the court of the advantages of the adversary process in resolving fee determinations and are therefore disfavored") (internal brackets omitted). Although this clause was subsequently removed after the Court's inquiry at the initial preliminary approval hearing (ECF No. 46-1), its effect would nonetheless be realized if the Court ultimately receives no opposition to Class Counsel's eventual attorneys' fee motion.

Finally, the Court is also obligated by controlling Ninth Circuit precedent to closely

scrutinize the $20,000 payment to the named Plaintiff "as an individual settlement for his non-class claims and in exchange for the general release of any and all claims that only Mr. Stewart will provide to Defendant." Settlement Agreement § 6.1(e). The language is nearly identical to the "general release of [his] individual claims" language the Ninth Circuit denounced in *Roes 1–2 v. SFBSC Management*, 944 F.3d 1035. There, the named plaintiffs purported received $20,000 "General Release Enhancement Payments" that were "completely divorced from any benefit or service to the class" and were intended as consideration for their "execution of a General Release Form." *Id.* at 1057. As the Ninth Circuit astutely observed, "the handsome amounts of those incentive payments, relative to the size of the cash payments that can be claimed by class members, raise serious red flags that the *defendants may have tacitly bargained for the named plaintiffs' support for the settlement by offering them significant additional cash awards*." *Id.* at 1057 (emphasis added); *see also Ochinero v. Ladera Lending, Inc.*, 2021 WL 2295519, at *8 (C.D. Cal. Feb. 26, 2021) ("[C]oming forward with the suit and signing a general release do not support a greater award for Ochinero as a Class Representative."); *de Cabrera v. Swift Beef Co.*, 2020 WL 5356704, at *11 (C.D. Cal. June 25, 2020) (preliminarily disapproving $7,500 service award for named plaintiffs that agreed to a broader general release). Per the Ninth Circuit's instruction in *SFBSC*, the Court must review the propriety of Plaintiff's full individual payment using factors such as, "the actions the plaintiff has taken to protect the interests of the class, the degree to which the class has benefitted from those actions, . . . the amount of time and effort the plaintiff expended in pursuing the litigation . . . and reasonable fears of workplace retaliation."[2] 944 F.3d at 1057 (internal brackets omitted).

---

[2] Plaintiff's counsel contends that the $20,000 payment to Plaintiff for a general release of his non-class claims is a side agreement that need only be disclosed but not specifically approved by the Court. ECF No. 46, at 3. This characterization is belied by the Settlement Agreement's express terms, which carves out a $30,000 "Individual Settlement Payment" from the Gross Settlement Amount, specifically for Plaintiff Damarcus Stewart. Settlement Agreement § 6.1(e). In any event, the Ninth Circuit has openly rejected identical attempts to shield individual payments from judicial review by labeling them as "general release" settlements. *SFBSC*, 944 F.3d at 1058 ("[N]ot only do the $20,000 General Release Incentive Payments to Jane Roes 1 and 2 appear to be contrary to our caselaw on incentive payments, but they also raise concerns about a potential conflict of interest between the class representatives and unnamed class members.").

Given these facts, the Court maintains serious reservations regarding the fairness of the Settlement Agreement, most notably the amount reserved for attorneys' fees and the $30,000 individual settlement payment to Plaintiff. However, because the Court finds the settlement amount to be otherwise a reasonable one and will re-examine the requested fees and incentive payments separately with close scrutiny at the Final Fairness hearing, the Court does not find that these concerns warrant denial of preliminary approval or further delay in notifying the Class.

Based on the foregoing, the Court conditionally certifies the class and provisionally appoints Francis Mailman Soumilas, P.C. as Class Counsel and Plaintiff Damarcus Stewart as the class representative.

### D.   Settlement Administrator, Class Notice, and Allocation

American Legal Claims Services, LLC is appointed to act as the Settlement Administrator, pursuant to the terms set forth in the Settlement Agreement.

A court must "direct notice [of a proposed class settlement] in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e)(1). "The class must be notified of a proposed settlement in a manner that does not systematically leave any group without notice." *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 624 (9th Cir. 1982). Adequate notice requires: (i) the best notice practicable; (ii) reasonably calculated, under the circumstances, to apprise the Class members of the proposed settlement and of their right to object or to exclude themselves as provided in the settlement agreement; (iii) reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) meet all applicable requirements of due process and any other applicable requirements under federal law. Phillips Petroleum Co. v. Shutts, 472 U.S. 797, 812 (1985). Due process requires "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950).

The parties' proposed notice plan appears to be constitutionally sound in that Plaintiff has made a sufficient showing that it is: (i) the best notice practicable; (ii) reasonably calculated, under

the circumstances, to apprise the Class members of the proposed settlement and of their right to object or to exclude themselves as provided in the settlement agreement; (iii) reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) meet all applicable requirements of due process and any other applicable requirements under federal law.

Per the Settlement Agreement, Defendant shall securely provide the Class List for the Settlement Class no later than seven (7) days after the date of this Order to the Settlement Administrator.  The Settlement Administrator shall then distribute the Class Notice according to the notice plan described in the Settlement Agreement and substantially in the form approved herein, no later than fourteen (14) days after the date of this Order ("Notice Date").  Proof of distribution of the Class Notice shall be filed by the parties in conjunction with the motion for final approval.  The Settlement Administrator shall also establish and maintain a website ("Settlement Website") containing detailed information about the Settlement Agreement.

The Court approves the amended forms of the e-mail Notice of Proposed Class Action Settlement (ECF No. 46-2), as well as the forms of the short-form postcard Notice (ECF No. 46-4) and the long-form Notice to be posted on the Settlement Website maintained by the Settlement Administrator (ECF No. 46-6).  The Court also approves the form of the exclusion form that will be posted on the Settlement Website (ECF No. 23-1, at 35).  Taken together these notices are sufficient to inform Class members of the terms of the Settlement Agreement, their rights under the Settlement Agreement, their rights to object to or comment on the Settlement Agreement, their right to receive a payment or opt out of the Settlement Agreement, the process for doing so, and the date and location of the Fairness and Final Approval hearing.

The Court preliminarily approves the proposed plan of allocation set forth in the Settlement Agreement.  First, the 230 Class members who have not opted out shall each receive an automatic payment of $300.  Second, the Class members may submit a "simple attestation of harm with no need for supporting documentation" to receive a prorated amount of the total $184,000.  The Court approves the claim form proposed by the parties (ECF No. 23-1, at 36).

The forms of the plans of Class Notice and allocation are therefore APPROVED.

### E.      Exclusions and Objections

Any Class Member shall have the right to be excluded from the Class by mailing a request for exclusion to the Settlement Administrator no later than sixty (60) days after the Notice Date. Requests for exclusion must be in writing, set forth the name and address of the person who wishes to be excluded, and be signed by the class member seeking exclusion. A sample exclusion request shall be made available on the Settlement Website in the form outlined at Exhibit E to the Settlement Agreement.

No later than February 12, 2024, Class Counsel shall file with the Court a list of all persons or entities who have timely requested exclusion from the Class as provided in the Settlement Agreement.

Any Class Member who does not request exclusion from the settlement class as provided above shall be bound by the terms and provisions of the Settlement Agreement upon its final approval, including but not limited to the releases, waivers, and covenants described in the Settlement Agreement, whether or not such person or entity objected to the Settlement Agreement and whether or not such person or entity makes a claim upon the settlement funds.

Any Class Member who has not submitted a timely request for exclusion from the Settlement Agreement shall have the right to object to (1) the Settlement Agreement, (2) the plan of allocation; and/or Class Counsel's motion for attorneys' fees and Class Representative Awards by mailing to the Settlement Administrator a written objection and stating whether they intend to appear at the Fairness Hearing, as set forth in the Class Notice, no later than sixty (60) days after the Notice Date. Failure to submit a timely written objection will preclude consideration of the Class Member's later objection at the time of the Fairness Hearing.

### F.      Attorneys' Fees and Service Awards

Plaintiff and his counsel shall file their motion for attorneys' fees and for Class Representative awards no later than **December 29, 2023**. Each settling Class member shall have

the right to object to the motion for attorneys' fees and Class Representative awards by filing a written objection with the Court no later than sixty (60) days after the Notice Date.

Plaintiff shall file a reply brief responding to any timely objection no later than fourteen (14) days after the deadline to file objections.

### G.     Fairness and Final Approval Hearing

All briefs, memoranda and papers in support of final approval of the settlement shall be filed no later than **December 29, 2023**.

The Court will conduct a Fairness and Final Approval Hearing on **Thursday, February 22, 2024, at 9:00 a.m.**, to determine whether the Settlement Agreement should be granted final approval as fair, reasonable, and adequate as to the Class. The Court will hear all evidence and argument necessary to evaluate the Settlement Agreement and will consider Class Counsel's motion for attorneys' fees and for Class Representative awards.

Class members may appear, by counsel or on their own behalf, to be heard in support of or opposition to the Settlement Agreement and Class Counsel's Motion for attorneys' fees and Class Representative awards by filing a Notice of Intention to Appear no later than February 12, 2024.

The Court reserves the right to continue the date of the final approval hearing without further notice to Class members. The Court also retains jurisdiction to consider all further applications arising out of or in connection with the Settlement.

### H.     Post-Distribution Accounting

If final approval is granted, the parties will be required to file a Post-Distribution Accounting in accordance with this District's Procedural Guidance for Class Action Settlements and at a date set by the Court at the time of the final approval hearing. Counsel should prepare accordingly.

### III.   CONCLUSION

Based on the foregoing, the Court GRANTS the motion for preliminary approval of the class settlement. The following schedule and deadlines shall apply to this case:

| Event | Date |
| --- | --- |
| Deadline for Defendants to Provide Class Data to Settlement Administrator | November 17, 2023 |
| Deadline for Settlement Administrator to Send Class Notices ("Notice Date") | December 1, 2023 |
| Deadline for Class Counsel to File Motion for Fees and Costs and Class Representative Awards | December 29, 2023 |
| Deadline to File Motion for Final Approval | December 29, 2023 |
| Deadline (Postmarked) to Submit Objection or Request for Exclusion | January 30, 2024 |
| Deadline for Class Counsel and Settlement Administrator to Submit Supplemental Statements (*e.g.*, regarding status of notice program, objections, opt-outs) | February 12, 2024 |
| Fairness and Final Approval Hearing | 9:00 a.m., February 22, 2024<br><br>NOTE: Subject to change without further notice to the Class. |

**IT IS SO ORDERED.**

Dated:  November 14, 2023

EDWARD J. DAVILA
United States District Judge