Erika Angelos Heath (SBN 304683)
FRANCIS MAILMAN SOUMILAS, P.C.
369 Pine Street, Suite 410
San Francisco, CA 94104
Tel:   (628) 246-1352                    .
Fax:   (215) 940-8000
eheath@consumerlawfirm.com

James A. Francis*
John Soumilas*
Lauren KW Brennan*
FRANCIS MAILMAN SOUMILAS, P.C.
1600 Market Street, Suite 2510
Philadelphia, PA 19103
T: (215) 735-8600
F: (215) 940-8000
jfrancis@consumerlawfirm.com
jsoumilas@consumerlawfirm.com
lbrennan@consumerlawfirm.com

*Admitted *pro hac vice*

*Attorneys for Plaintiff
and the Proposed Class*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| DAMARCUS STEWART,<br><br>     *Plaintiff,*<br><br>v.<br><br><br>ACCURATE BACKGROUND, LLC,<br><br>     *Defendant.* | Case No.  5:22-CV-01926-EJD<br><br>**MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Date:       February 22, 2024<br>Time:      9:00 a.m.<br>Courtroom:  4 |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ................................................................................................. iii

NOTICE OF MOTION AND MOTION ................................................................................. 1

I.      INTRODUCTION ....................................................................................................... 2

II.     BACKGROUND .......................................................................................................... 3

III.    THE PROPOSED SETTLEMENT ............................................................................. 4

        A.      Monetary Relief. ............................................................................................... 4

        B.      The Costs of Notice and Administration. ..................................................... 5

        C.      *Cy Pres* Recipient. ............................................................................................. 5

        D.      Release. ............................................................................................................... 5

        E.      Service Award and Attorney's Fees and Expenses. .................................... 6

IV.     LEGAL STANDARD .................................................................................................. 6

V.      THE SETTLEMENT CLASS SHOULD BE CERTIFIED ....................................... 7

        A.      The Class Is Sufficiently Numerous .............................................................. 7

        B.      There are Questions of Law and Fact That Are Common to the Class ............... 8

        C.      Plaintiff's Claims Are Typical of the Proposed Class ................................. 9

        D.      Plaintiff and His Counsel Will Adequately Represent the Class .................. 9

        E.      The Class Meets the Requirements of Rule 23(b)(3) ................................... 10

                1.      Common Questions of Law and Fact Predominate ......................... 10

                2.      A Class Action Is Superior to Other Available Means of
                        Adjudication ........................................................................................... 10

VI.     THE SETTLEMENT SHOULD BE APPROVED AS  FAIR, REASONABLE,
        AND ADEQUATE ...................................................................................................... 10

        A.      The Strength of Plaintiff's Case. ................................................................... 11

        B.      The Risk, Expense, Complexity, and Likely Duration of Further
                Litigation ............................................................................................................. 11

        C.      The Risk of Maintaining Class Action Status through Trial. .................... 12

|  |  |  |  |
|---|---|---|---|
| D. | The Amount Offered in Settlement. | .................................................................. | 12 |
| E. | The Extent of Discovery Completed and the Stage of Proceedings. | .................. | 13 |
| F. | The Experience and Views of Counsel. | .......................................................... | 13 |
| G. | The Presence of a Governmental Participant. | ................................................ | 14 |
| H. | The Reaction of Settlement Class Members. | ................................................. | 14 |

VII.    SETTLEMENT CLASS MEMBERS RECEIVED
THE BEST NOTICE PRACTICABLE ........................................................................ 14

VIII.    CONCLUSION ........................................................................................................... 15

MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Agne v. Papa John's Int'l., Inc.*,
   286 F.R.D. 559 (W.D. Wash. 2012) .................................................................. 10

*Allen v. Bedolla*,
   787 F.3d 1218 (9th Cir. 2015) ........................................................................... 6

*Berger v. Home Depot USA, Inc.*,
   741 F.3d 1061 (9th Cir. 2014) ......................................................................... 10

*Blackie v. Barrack*,
   524 F.2d 891 (9th Cir. 1975) .............................................................................. 8

*Churchill Vill., L.L.C. v. Gen. Elec.*,
   361 F.3d 566 (9th Cir. 2004) .................................................................... 6, 7, 11

*Comcast Corp. v. Behrend*,
   133 S. Ct. 1426 (2013) ...................................................................................... 12

*Garner v. State Farm Auto Ins. Co.*,
   2010 WL 1687832 (N.D. Cal. Apr. 22, 2010) ................................................. 14

*Hanlon v. Chrysler Corp.*,
   150 F.3d 1011 (9th Cir. 1988) ..................................................................... 7, 8, 9

*Hanon v. Dataproducts Corp.*,
   976 F.2d 497 (9th Cir. 1992) .............................................................................. 9

*Hansen v. Ticket Track, Inc.*
   213 F.R.D. 412 (W.D. Wash. 2003) ................................................................... 9

*Leo v. AppFolio, Inc.*,
   No. 3:17-cv-05771-RJB (ECF 66) (W.D. Wash. Jul. 18, 2019) .......................... 8

*Leo v. AppFolio, Inc.*,
   No. 3:17-cv-05771-RJB (ECF 62) (W.D. Wash. Jul. 8, 2019) .......................... 13

*Lerwill v. Inflight Motion Pictures, Inc.*,
   582 F.2d 507 (9th Cir. 1978) .............................................................................. 9

*Marshall v. Holiday Magic, Inc.*,
   550 F.2d 1173 (9th Cir. 1977) .......................................................................... 12

*McCluskey v. Trustees of Red Dot Corp. Employee Stock Ownership Plan & Trust*,
   268 F.R.D. 670 (W.D. Wash. 2010) ................................................................... 7

*In re Mercury Interactive Corp. Sec. Litig.*,
    618 F.3d 988 (9th Cir. 2010) ................................................................................ 15

*Officers for Justice v. Civil Service Comm'n of San Francisco*,
    688 F.2d 615 (9th Cir. 1982) ................................................................................ 12

*In re Online DVD-Rental Antitrust Litig.*,
    779 F.3d 934 (9th Cir. 2015) .................................................................................. 7

*Parra v. Bashas', Inc.*,
    536 F.3d 975 (9th Cir. 2008) .................................................................................. 8

*Patel v. Trans Union, LLC*,
    308 F.R.D. 292 (N.D. Cal. 2015) ............................................................................ 8

*Patel v. Trans Union, LLC*,
    No. 3:14-cv-0522-LB (ECF 159) (N.D. Cal. Feb. 22, 2018) ............................................. 13

*Pelletz v. Weyerhaeuser Co.*,
    255 F.R.D. 537 (W.D. Wash. 2009) ................................................................. 13, 14

*Ramirez v. Trans Union, LLC*,
    301 F.R.D. 408 (N.D. Cal. 2014) ............................................................................ 8

*Safeco Insurance Co. of America v. Burr*,
    551 U.S. 47 (2007) ............................................................................................ 11

*Shames v. Hertz Corp.*,
    2012 WL 5392159 (S.D. Cal. Nov 5, 2012) ............................................................. 13

*Tadepalli v. Uber Techs., Inc.*,
    2016 WL 1622881 (N.D. Cal. Apr. 25, 2016) ........................................................... 14

*Wal-Mart Stores, Inc. v. Dukes*,
    564 U.S. 338, 131 S. Ct. 2541 (2011) ................................................................... 12

*Watson v. Checkr, Inc.*,
    No. 3:19-cv-03396-EMC (ECF 94) (N.D. Cal. Dec. 28, 2022) ................................... 12-13

## S<small>TATUTES</small> & F<small>EDERAL</small> R<small>ULES</small>

California Business and Professions Code § 17200 ...................................................... 6

Cal. Civ. Code § 1785 *et seq.* ........................................................................... 5

Cal. Civ. Code § 1786 *et seq.* ........................................................................... 5

California Penal Code § 1203.4 ..................................................................... 2, 3

Class Action Fairness Act, 28 U.S.C. § 1711 *et seq.* ("CAFA") ................................. 5, 14

Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681x, *et seq.*.............................................. *passim*

15 U.S.C. § 1681e(b) ......................................................................................... 5, 8, 12

15 U.S.C. § 1681k............................................................................................... 5

15 U.S.C. § 1681n.......................................................................................... 5, 12

Fed. R. Civ. P. 23 ................................................................................... 7, 8, 12, 14-15

Fed. R. Civ. P. 23(a) ..................................................................................... 6, 12

Fed. R. Civ. P. 23(a)(2) ..................................................................................... 7, 8

Fed. R. Civ. P. 23(a)(3) ......................................................................................... 8

Fed. R. Civ. P. 23(a)(4) ......................................................................................... 9

Fed. R. Civ. P. 23(b)(3) ............................................................................... 7, 8, 9, 10

Fed. R. Civ. P. 23(f) ........................................................................................... 12

<u>OTHER AUTHORITIES</u>

*Manual for Complex Litigation* (Fourth) § 21.61 (2015) ............................................................ 7

1
2

## NOTICE OF MOTION AND MOTION

3
4
5
6
7
8

PLEASE TAKE NOTICE that on February 22, 2024 at 9:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 4 of the United States District Court for the Northern District of California, located at 280 South 1st Street, San Jose, California, 95113, before the Honorable Edward J. Davila, Plaintiff Damarcus Stewart ("Plaintiff") on behalf of himself and the proposed Settlement Class will respectfully move this Court for final approval of the class action settlement in the instant case.

9
10
11
12

This motion is based on the accompanying Memorandum of Points and Authorities; the Settlement Agreement and modifications thereto (ECF 23-1, ECF 46); such other documents as may be submitted in support of this Motion; such oral argument as may be heard by the Court; and all other papers on file in this action.

13
14    Dated: December 29, 2023                     Respectfully submitted,

15                                                 FRANCIS MAILMAN SOUMILAS P.C.

16                                                 By:  /s/  *John Soumilas*
                                                       John Soumilas
17                                                 Attorneys for Plaintiff and the Class
18
19
20
21
22
23
24
25
26
27
28

# I.    **INTRODUCTION**

This class action lawsuit has been brought under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681-1681x.  Defendant Accurate Background, LLC ("Defendant") is a consumer reporting agency ("CRA") regulated by the FCRA, and regularly prepares and selling consumer reports for employment purposes, also known as background checks.

As set forth in detail in Plaintiff's Motion for Preliminary Approval (ECF 23), this case addresses Defendant's practices for handling criminal records that have been expunged, sealed, or otherwise removed from the public record.  In addition to asserting that these practices fail to assure "maximum possible accuracy" as required by the FCRA, Plaintiff also asserted violations of multiple provisions of California law. Plaintiff brought this case on behalf of other similarly situated consumers, who like Mr. Stewart were the subject of a report prepared by Defendant that included a criminal record, and which Defendant has determined that the criminal record should be removed from the report because it had been (i) expunged, (ii) sealed, (iii) dismissed pursuant to California Penal Code § 1203.4, or (iv) otherwise extinguished from the public record.

The parties have successfully negotiated a class-wide settlement that provides monetary recovery for all class members for whom the report was confirmed to be inaccurate.  On November 14, 2023, this Court entered an order granting preliminary approval of the proposed settlement, finding that the parties' settlement was fair, reasonable, and adequate, and finding that the prerequisites for a class action have been satisfied.  ECF 50.  The Court's Order further directed the parties to provide notice to the Class.  *Id.*

The Settlement Administrator, American Legal Claims Services, LLC ("ALCS") has successfully fulfilled its obligations to provide notice to the Class and has provided direct notice to 100% of the Class via either email or a mailed hard copy postcard notice. *See* Declaration of Noah Fiori of ALCS ("Fiori Decl."), submitted herewith at ¶ 7. Class Members have until January 30, 2024 to submit claims, to opt out and/or object to the settlement. ECF 50 at p. 12. To date, zero Class Members have elected to opt out or object.  Fiori Decl. at ¶¶ 10-11.

Given that nothing has occurred since November 14, 2023 to disturb the Court's findings of that date, and given positive reaction of the Class Members to date, Plaintiff respectfully requests that this Court enter an order granting final approval of the proposed Class Settlement of this matter.

## II.    BACKGROUND

This litigation commenced in May 2022 with the filing of Plaintiff's Class Action Complaint, which asserted that Defendant failed to use reasonable procedures to assure the maximum possible accuracy of criminal record information included on its reports and failing to identify situations where criminal records had been expunged or sealed. The parties explored early settlement of this matter, including an intensive exchange of relevant information regarding Defendant's efforts to identify individuals like Plaintiff who were the subjects of reports containing criminal records that had been expunged or sealed.  In part because the expungement or sealing process necessarily removes evidence that a prior criminal record existed at all,  the most appropriate and readily ascertainable group of similar situated consumers here were individuals (a) about whom Defendant furnished a consumer report for employment purposes; (b) whose report contained one or more items of criminal record information relating to a record that had been (i) expunged, (ii) sealed, (iii) dismissed pursuant to California Penal Code § 1203.4, or (iv) otherwise extinguished from the public record; (c) who disputed information on their report; (d) where an amended report was issued; and (e) where the amendment of the report was related to the reporting of a criminal record(s) that, at some point before the resolution of the dispute, Defendant determined to be expunged, sealed, otherwise extinguished from the public record, or dismissed pursuant to California Penal Code § 1203.4.  Defendant provided a detailed factual declaration explaining, subject to the penalty of perjury, the process it undertook to identify from its records all individuals meeting these criteria.  Ultimately, Plaintiff was able to identify 230 such individuals.  The class settlement was the result of protracted adversarial negotiations, including a lengthy private mediation with the assistance of Hon. Diane Welsh (Ret.) of JAMS on March 15, 2023.  The parties reached a settlement in principle during the

mediation, and continued to negotiate regarding the terms of the settlement including the specific terms of the final settlement agreement, which was executed on May 5, 2023. ECF 23-1.

### III.    THE PROPOSED SETTLEMENT

The settlement provides substantial relief to the Settlement Class as defined in the Order Directing Notice to the Class.  ECF 50 at p. 4.

### A.    Monetary Relief.

The Settlement Agreement provides for cash payments to all Settlement Class Members, without the need to make a claim.  If final approval of the Settlement is granted, each Settlement Class Member who does not request exclusion will receive an automatic payment of at least $300. Agreement, § 6.1(a).

Furthermore, each Settlement Class Member has the opportunity to make a claim attesting to the harm they experienced as a result of Defendant's inaccurate reporting, in order to receive an additional payment.  *Id.* at § 6.1(b).  No supporting documentation is required.  A sum of $184,000.00 of the Class Member Settlement Fund is reserved for making such additional payments on a *pro rata* basis determined by the number of valid claims submitted, up to a maximum of $5,000.00 each.  If funds remain due to the number of valid claims submitted, such monies will first be used to defray any costs of notice and administration above the $20,000.00 allocated, and will then be used to increase the amount of the automatic payments to Settlement Class Members who do not submit a claim.

To date, 19 valid claims have been submitted.  *See* Fiori Decl. at ¶ 9. Settlement Class Members have until January 30, 2024 to submit a Claim Form, and this figure is expected to increase. Consistent with the Preliminary Approval Order, Class Counsel will file a supplemental statement addressing the total number of claims and expected recovery per class member on February 12, 2024.  ECF 50.

If approximately 10% of Settlement Class Members make a valid claim, consistent with some similar class action settlements (*see* ECF 23 at p. 13 n.1), claimants will receive $5,000.00 each, and automatic payments are likely to be $400.00 or more each. The settlement here

represents an excellent recovery for class members in an FCRA class action, where even recovery on the merits may fall within the $100-$1,000 statutory range.  15 U.S.C. § 1681n.

**B.    The Costs of Notice and Administration.**

The Settlement Agreement provides for payment from the Settlement Fund of the costs of notice and administration of the settlement including compilation and de-duplication of the class lists, mailing and emailing class notice, establishing a website and operating a toll-free number, and the provision of notice pursuant to the Class Action Fairness Act, 28 U.S.C. § 1711 *et seq.  See* ECF 23-1.  The Settlement Administrator will also be responsible for tax reporting activities and other logistics associated with the substantial payments at issue here. The costs of notice here are justified in light of the substantial benefits provided in the settlement.

**C.    *Cy Pres* Recipient.**

The Settlement Agreement precludes any reversion of funds to the Defendant; rather, any amounts remaining in the Settlement Fund after all payments have been disbursed, including any checks to Settlement Class Members which are uncashed, shall be distributed to the parties' agreed-upon *cy pres* recipient the San Jose State University Record Clearance Project: https://www.sjsu.edu/rcp/. The *cy pres* recipient was selected because it is a program that works to ensure that criminal history does not serve as a barrier to employment, an issue closely related to the subject matter of this case.

**D.    Release.**

In consideration of the relief provided by the settlement, as detailed in the Agreement, the Class will release all claims that arise out of or relate to the facts alleged or which could have been alleged or asserted in the action.  The scope of the release to which each Settlement Class Member would be bound is limited to claims that were asserted or could have been asserted, arising out of or related to the facts or claims alleged in the litigation, and specifically including claims under (1) 15 U.S.C. § 1681e(b) and 15 U.S.C. § 1681k of the Fair Credit Reporting Act; (2) Cal. Civ. Code § 1786 et seq. ("ICRAA"); (3) Cal. Civ. Code § 1785 et seq. ("CCRAA");

and (4) California Business and Professions Code § 17200 ("UCL"). Agreement at § 10.1. Plaintiff, on behalf of himself only, will provide Defendant with a general release. *Id.*, § 10.2.

**E.    Service Award and Attorney's Fees and Expenses.**

The Agreement provides that Plaintiff may apply for an individual settlement and service award of $10,000.00 for serving as the Class Representative.  Agreement at § 6.1(b). Defendant has agreed to pay Mr. Stewart an additional $20,000.00 in settlement of the non-class claims and in exchange for the general release that only Mr. Stewart will provide to Defendant.  *Id.* at 61.(b), 10.2.

The Agreement also permits Class Counsel to apply for an award of $184,000.00 in attorneys' fees calculated on a lodestar basis in conjunction with their work in obtaining the injunctive relief component of the settlement. *Id.* at § 6.1(f).

As discussed in the contemporaneously-filed Motion for Award of Attorneys' Fees and Expenses and for a Service Award, each of these requests is reasonable in light of the claims at issue, the service provided to the Settlement Class by Class Counsel and Mr. Stewart. A copy of the full application will be made available to class members on the settlement website, and Class Counsel will address any response to the application no later than February 12, 2024 consistent with the Preliminary Approval Order.  ECF 50.  Notably, the proposed amounts of these payments were included on the notices provided to Settlement Class Members, and no objections to these payments have been submitted to date.

## IV.    LEGAL STANDARD

The Ninth Circuit maintains "a strong judicial policy" that favors class action settlements. *Allen v. Bedolla*, 787 F.3d 1218, 1223 (9th Cir. 2015).

The approval process for a class action settlement takes place in three stages. *See Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004) (describing the three-stage settlement approval process).  On June 16, 2021, this Court made an initial finding that the Class Settlement is fair, reasonable, and adequate and that the requirements of Rule 23(a) appear to be met; pursuant to this Court's Order, notice was sent to the class.  ECF 50; Fiori Decl. at ¶¶ 3-7.

Thus, the first two stages are complete. The Court now must determine whether, in light of all the information learned during the first two stages, final approval is warranted. *See Churchill*, 361 F.3d at 575.

This Court has broad discretion to approve or reject a proposed settlement. *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 942, 944 (9th Cir. 2015) (noting standard of review is "clear abuse of discretion" and emphasizing appellate court's review is "extremely limited"). When considering a motion for final approval of a class action settlement under Rule 23, a court must determine whether the settlement is "fundamentally fair." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1988). A settlement merits final approval, when "the interests of the class as a whole are better served by the settlement than by further litigation." *Manual for Complex Litigation* (Fourth) § 21.61 (2015).

## V.    THE SETTLEMENT CLASS SHOULD BE CERTIFIED

In its November 14, 2023 Order, this Court found, based on its initial review, that class treatment is appropriate for settlement purposes. ECF 50.  For all the reasons set forth herein, this Court should certify the Settlement Class for purposes of judgment in connection with the Settlement

### A.    The Class Is Sufficiently Numerous

"The prerequisite of numerosity is discharged if 'the class is so large that joinder of all members is impracticable.'" *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998) (quoting Fed. R. Civ. P. 23(a)(1)).  Classes with as few as twenty-seven members have been found to be sufficient to meet the numerosity requirement." *McCluskey v. Trustees of Red Dot Corp. Employee Stock Ownership Plan & Trust*, 268 F.R.D. 670, 673-74 (W.D. Wash. 2010) (collecting cases).

Plaintiff has identified 230 individuals meeting the proposed class definition. Agreement § 1.36.  This is sufficiently numerous for certification purposes.

**B.**    **There are Questions of Law and Fact That Are Common to the Class**

Fed. R. Civ. P. 23(a)(2) requires that there be a common question of law or fact. Rule 23(b)(3) requires that the questions of law or fact common to all members of the class predominate over questions pertaining to individual members. The commonality requirement is satisfied if there are common questions linking the class members that are substantially related to the outcome of the litigation. *Blackie v. Barrack*, 524 F.2d 891, 910 (9th Cir. 1975).

Rule 23 contains two related commonality provisions: Rule 23(a)(2) and Rule 23(b)(3). Rule 23(a)(2) requires that there be "questions of law or fact common to the class," but class certification is not precluded if fewer than all questions of law or fact are common to the class:

> The commonality preconditions of Rule 23(a)(2) are less rigorous than the companion requirements of Rule 23(b)(3). Indeed, Rule 23(a)(2) has been construed permissively. All questions of fact and law need not be common to satisfy the rule. The existence of shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class.

*Hanlon,* 150 F.3d at 1019. "Where the circumstances of each particular class member vary but retain a common core of factual or legal issues with the rest of the class, commonality exists." *Parra v. Bashas', Inc.,* 536 F.3d 975, 978-79 (9th Cir. 2008).

Courts in this Circuit have regularly recognized the existence of commonality in class actions asserting violations of the FCRA's accuracy requirement, both on contest and in the settlement context. *See Ramirez v. Trans Union, LLC*, 301 F.R.D. 408, 417-419 (N.D. Cal. 2014) (finding that FCRA section 1681e(b) claim [same as the claim here] presented common questions, and certifying class); *Patel v. Trans Union, LLC*, 308 F.R.D. 292, 304-05 (N.D. Cal. 2015) (same); *see also Leo v. AppFolio, Inc.*, No. 3:17-cv-05771-RJB (ECF 66) (W.D. Wash. Jul. 18, 2019) (final approval order certifying settlement class).

Here, all members of the proposed class were subjected to Defendant's standardized procedures, which resulted in the reporting of expunged or seal criminal records on reports to third parties.

### C.    Plaintiff's Claims Are Typical of the Proposed Class

The typicality requirement is satisfied if "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). The typicality test asks "whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (citation omitted).

Plaintiff Stewart's claims are typical of those of the class. Like all other Class Members, Defendant prepared a consumer report about Mr. Stewart pursuant to its standardized procedures which failed to identify that a criminal record included on the report had been expunged, sealed, or otherwise removed from the public record. Like all members of the Settlement Class, Defendant later determined that the record should be removed from the report as a result of Mr. Stewarts' dispute. Like all class members, Plaintiff was the subject of a communication of harmful and inaccurate criminal record information to an employer. Thus, the typicality requirement is satisfied.

### D.    Plaintiff and His Counsel Will Adequately Represent the Class

Rule 23(a)(4) requires that class representatives, the named plaintiff and his or her counsel, must "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "Legal adequacy is satisfied if: (1) if there are no antagonistic or conflicting interests between the named plaintiffs and their counsel, and the absent class members; and (2) the named plaintiffs and their counsel will vigorously prosecute the action on behalf of the class." *Hansen v. Ticket Track, Inc.* 213 F.R.D. 412, 415 (W.D. Wash. 2003) (citing *Hanlon*, 150 F.3d at 1020); *see also, Lerwill v. Inflight Motion Pictures, Inc.,* 582 F.2d 507, 512 (9th Cir. 1978).

As set forth in detail in Plaintiff's Motion for an Preliminary Approval, and in the contemporaneously-filed Motion for an Award of Attorneys' Fees, Plaintiff and his counsel have vigorously prosecuted this action on behalf of Settlement Class Members, and no conflicting interests exist. ECF 23 at pp. 9-15, 18-19, 24.

### E.    The Class Meets the Requirements of Rule 23(b)(3)

#### 1.    Common Questions of Law and Fact Predominate

The predominance requirement of Rule 23(b)(3) necessitates that "the common questions must be a significant aspect of the case that can be resolved for all members of the class in a single adjudication." *Berger v. Home Depot USA, Inc.*, 741 F.3d 1061, 1068 (9th Cir. 2014) (internal quotation marks and alterations omitted). Here, the common issues identified above are not just significant – they are the foundational issues in the case.

The superiority requirement of Rule 23(b)(3) is satisfied because individual class members do not have an interest in controlling prosecution of this case, where many of them do not, and cannot know, about potential FCRA claims. Class-wide resolution of these claims, and the provision of the important benefits of the settlement, will provide relief for consumers while promoting efficiency and avoiding the potential of a multiplicity of claims. *See Agne v. Papa John's Int'l., Inc.*, 286 F.R.D. 559, 571 (W.D. Wash. 2012) (discussing superiority and finding that multiplicity of small lawsuits seeking statutory damages was less efficient method of adjudicating claim and finding class action mechanism superior).

For these reasons, and those delineated in Plaintiff's Motion for Preliminary Approval, this Court should certify this matter as a class action for settlement purposes.

#### 2.    A Class Action Is Superior to Other Available Means of Adjudication

Because the claims here are being certified for purposes of settlement, there are no issues with manageability, and resolution of hundreds of claims in a single adjudication is superior to individual lawsuits and promotes consistency and efficiency of adjudication. *See* Fed. R. Civ. P. 23(b)(3).  Accordingly, certification of this class action is favored as the superior method of adjudicating this controversy.

### VI.    THE SETTLEMENT SHOULD BE APPROVED AS FAIR, REASONABLE, AND ADEQUATE

In deciding whether to grant final approval to a class action settlement, courts consider several factors, including: (1) the strength of the Plaintiff's case; (2) the risk, expense,

complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a government participant; and (8) the reaction of the class members to the proposed settlement. *Churchill*, 361 F.3d at 575. All of these factors support settlement approval here.

### A.    The Strength of Plaintiff's Case.

Plaintiff continues to believe that he has a very strong case, but also acknowledges a number of obstacles in the way of achieving a successful result through further litigation.

Plaintiff is confident of his ability to certify a class of consumers on contest for his claims under the FCRA.  However, Plaintiff is cognizant that Defendant may present substantial legal and factual arguments in opposition to certification. And even if certification of the class was granted, Plaintiff would need to establish liability on the merits for his claim.  Moreover, Plaintiff anticipates that the issues would center on whether Defendant acted "willfully," affecting the availability of statutory and punitive damages.

The time and expense to try those issues would be considerable. While Plaintiff is confident that he could prove his case, including with respect to a necessary finding of willful non-compliance, the risks were significant enough to convince Plaintiff and his counsel that the Class Settlement outweighs the risk and expense of further litigation.

### B.    The Risk, Expense, Complexity, and Likely Duration of Further Litigation.

If this action were to proceed, litigation would likely be both lengthy and expensive. The parties would need to undertake full class certification and merits discovery, including depositions, and would likely engage in dispositive motion practice.  Furthermore, in the absence of the parties' Class Settlement, the parties would incur very significant expenses in preparing for, and participating in, a trial of this action.

Moreover, the parties would have to delve into the complexity of willfulness issues.  For Plaintiff to obtain statutory or punitive damages for the Class, he would have to prove that Defendant's conduct was in willful non-compliance. *See Safeco Insurance Co. of America v.*

*Burr*, 551 U.S. 47, 69 (2007) (willfulness standard is not met "unless the action is not only a violation [of the FCRA] under a reasonable reading of the statute's terms, but shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless."). The time and expense to investigate those issues would not be inconsiderable.

Finally, it could be expected that Defendant would appeal any decisions in Plaintiff's favor, including seeking review of any class certification decision under Fed. R. Civ. P. 23(f). Such appeals would ensure that Settlement Class Members would not receive any relief for years. There is a significant advantage to receiving a benefit now as opposed to later. *See Officers for Justice v. Civil Service Comm'n of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982); *Marshall v. Holiday Magic, Inc.*, 550 F.2d 1173, 1178 (9th Cir. 1977).

### C.    The Risk of Maintaining Class Action Status through Trial.

Class certification always poses a risk and often involves a prolonged and expensive battle of experts in connection with certification, merits, and damages issues. If Plaintiff was unable to certify a class, the case would effectively be over, and Class Members would receive nothing. Although the Court was not asked to consider a contested class certification motion, had the case not settled, Defendant would have vigorously disputed that certification of the class was appropriate in this case. Although Plaintiff believes he would have been successful in seeking to certify a class, Defendant likely would have argued that certification is not appropriate under Rule 23. For example, Defendant may have argued that Plaintiff would not be able to demonstrate damages. *See, e.g.*, *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351, 131 S. Ct. 2541, 2552 (2011) (requiring "rigorous analysis" to ensure requirements of "Rule 23(a) have been satisfied"); *Comcast Corp. v. Behrend*, 133 S. Ct. 1426, 1432 (2013) (same).

### D.    The Amount Offered in Settlement.

The Settlement Agreement requires Defendant to pay at least $300 to each Settlement Class Member, and up to $5,000.00 upon submission of a valid Claim Form. These payments are substantial in light of the $100-$1,000 statutory range for willful violations. 15 U.S.C. § 1681n.

It also compares favorably to the results achieved in other class action settlements of FCRA accuracy claims. *See, e.g. Watson v. Checkr, Inc.*, No. 3:19-cv-03396-EMC (ECF 94) (N.D. Cal. Dec. 28, 2022) at (post-distribution accounting showing payments of $1,623.91 for FCRA section 1681e(b) claim); *Patel v. Trans Union, LLC*, No. 3:14-cv-0522-LB (ECF 159 at p. 6) (N.D. Cal. Feb. 22, 2018) ($400 autopay and $1,100 payments for successful claimants); *Leo v. AppFolio, Inc,* No. 3:17-cv-05771-RJB (ECF 62 at p. 7) (W.D. Wash. Jul. 8, 2019) ($425 for successful claimants).

### E.   The Extent of Discovery Completed and the Stage of Proceedings.

Courts consider the extent of discovery completed and the stage of the proceedings in determining whether a class action settlement is fair, adequate and reasonable. *Shames v. Hertz Corp.,* No. 07 CV-2174, 2012 WL 5392159, at *6 (S.D. Cal. Nov 5, 2012). This case settled only after the parties had engaged in a substantial exchange of information that revealed the potential strengths and weaknesses of Plaintiff's case and the viability of class certification, including the prospects of identifying a larger class of consumers.  Though the parties ultimately reached a resolution, they did so only after lengthy and adversarial settlement discussions with the assistance of a skilled and experienced mediator.

### F.   The Experience and Views of Counsel.

Where Class Counsel is qualified and well informed, their opinion that a settlement is fair, reasonable, and adequate is entitled to significant weight. *See Pelletz v. Weyerhaeuser Co.*, 255 F.R.D. 537, 543 (W.D. Wash. 2009).  Here, counsel for Plaintiff are highly experienced class action litigators. ECF 23 at pp. 18-19, 24; *see also* Declaration of John Soumilas in Support of Plaintiff's Motion for an Award of Attorneys' Fees and Litigation Costs and attachments thereto. Plaintiff agreed to settle only because the Class Settlement provides an excellent result for Class Members by ensuring the recovery of substantial compensation for all identifiable class members.  Class Counsel believe the proposed settlement is fair, reasonable, adequate, and in the best interest of the Class. As such, the experience of counsel supports final approval.

### G.    The Presence of a Governmental Participant.

Consistent with the Settlement Agreement, the Settlement Administrator provided the required CAFA notice to the attorneys general of 50 states, as well as the U.S. territories and the District of Columbia's Corporate Counsel. Fiori Decl. at ¶ 3. Not a single government entity has objected to the settlement or sought to intervene. Thus, this factor weighs in favor of settlement approval. *See Garner v. State Farm Auto Ins. Co*., No. CV 08 1365 CW (EMC), 2010 WL 1687832, *14 (N.D. Cal. Apr. 22, 2010).

### H.    The Reaction of Settlement Class Members.

The reaction of Class Members to the Class Settlement has been positive to date, with no objections and no opt-outs, which supports final approval. *See Pelletz*, 255 F.R.D. at 543-44; *Tadepalli v. Uber Techs., Inc.*, No. 15-CV-04348-MEJ, 2016 WL 1622881, at *8 (N.D. Cal. Apr. 25, 2016) (quoting *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d at 1043) (observing "the absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class settlement action are favorable to the class members"). The deadline for Settlement Class Members to submit objections and/or requests for exclusion is January 30, 2024. Class Counsel will supplement this submission no later than February 12, 2024, detailing the final number of objections, claim forms, and opt out requests submitted.

### VII.    SETTLEMENT CLASS MEMBERS RECEIVED THE BEST NOTICE PRACTICABLE

In granting the motion for preliminary approval, this Court approved the forms of notice proposed in connection of the settlement, as well as the sample exclusion request.  ECF 50 at p. 9.  The Court found that, "[t]aken together these notices are sufficient to inform Class members of the terms of the Settlement Agreement, their rights under the Settlement Agreement, their rights to object to or comment on the Settlement Agreement, their right to receive a payment or opt out of the Settlement Agreement, the process for doing so, and the date and location of the Fairness and Final Approval hearing."  *Id.*  This notice program was fully implemented by the Settlement Administrator, ACLS. Fiori Decl. at ¶¶ 3-8.

The class notice and notice process approved by this Court and implemented by the Settlement Administrator adequately informed Class Members of the nature of the action and these proceedings, the terms of the proposed settlement, the effect of the action and release of these claims, the right to exclude themselves from the action, and their right to object to the proposed settlement, as required for final approval of a class settlement under Federal Rule of Civil Procedure 23 and in compliance with *In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 994 (9th Cir. 2010).

The notice program successfully reached Settlement Class Members. Notice via electronic mail reached 100% of Settlement Class Members. Fiori Decl. at ¶ 7.

## VIII.    CONCLUSION

For all the foregoing reasons, Plaintiff respectfully requests that this Court grant final approval of the parties' Class Settlement as fair, reasonable, and adequate, certify the proposed Class for settlement purposes, approve the proposed *cy pres* recipient and enter final judgment in this case.

RESPECTFULLY SUBMITTED AND DATED this 29th day of December, 2023.

By: */s/ John Soumilas*
James A. Francis*
John Soumilas*
Lauren KW Brennan*
FRANCIS MAILMAN SOUMILAS, P.C.
1600 Market Street, Suite 2510
Philadelphia, PA 19103
T: (215) 735-8600
F: (215) 940-8000
jfrancis@consumerlawfirm.com
jsoumilas@consumerlawfirm.com
lbrennan@consumerlawfirm.com

1
2
3
4

Erika Angelos Heath (SBN 304683)
FRANCIS MAILMAN SOUMILAS, P.C.
369 Pine Street, Suite 410
San Francisco, CA 94104
Tel: (628) 246-1352
Fax: (215) 940-8000
eheath@consumerlawfirm.com

5
6
7

*Admitted *pro hac vice*

*Attorneys for Plaintiff
and the Settlement Class*

8
9
10
11
12

## CERTIFICATE OF SERVICE

13
14
15

I, John Soumilas, hereby certify that on December 29, 2023, this document was filed with the Court using the CM/ECF system and thereby served on all counsel of record.

16
17

*/s/ John Soumilas*
John Soumilas

18
19
20
21
22
23
24
25
26
27
28